## GENERAL CASUALTY & SURETY CO v STEVENS et

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 23, 1931

Clarence M. Smith, Cincinnati, for plaintiff in error.

Merland, O'Meara, Santen & Willging, Cincinnati, for defendant in error.

ROSS, PJ.

It is contended that the judgment is erroneous, for the reason that Ryan was not insured and that Stevens can have no greater rights than Ryan had against the Insurance Company. As to the latter proposition, there can be no doubt.

The question then is:—Was Ryan insured?

The policy of insurance contained the following clause as an endorsement:

"In consideration of the rates at which this policy is written, it is hereby understood and agreed that this policy is extended to indemnify the operator of any car insured under the within policy, against loss on account of the liability imposed by law for injuries to persons, except employees of the operator, guests, or occupants of the said automobiles; and|or for damage to property except such property as is excluded in policy contract, resulting from the use of said automobiles while same are being used in accordance with the provisions of the policy insuring agreements, provisions, and declarations. Any operator to whom this coverage may be extended is bound by all the conditions of the policy and such

extension of coverage is granted only to the persons signing contract with the named assured as provided in Condition B of the policy."

Condition B of the policy is as follows:

"B: In consideration of the issuance of this Policy, the named Assured hereby agrees to secure the name, address, age, and the signature of every person hiring each or any automobile insured hereunder; the date when the automobile was hired, the kind of automobile rented, the model, year and motor number of such automobile; the date when the automobile was returned and the amount charged for rental. The Assured shall maintain these records and same shall be open to inspection to any authorized representative of the Company at any time."

The Insurance Company introduced evidence proving that Ryan misrepresented his age to be over seventeen in his application to the Kissel Skiles Company for a car, and sought to introduce evidence that Ryan knew the rules of the Kissel Skiles Company forbidding the renting of cars to minors, and that Ryan misrepresented his age in order to mislead the Kissel Skiles Company and cause them to rent him a car. The court excluded the evidence tending to show Ryan's knowledge of the rules of the Kissel Skiles Company, and his purpose in making the representations.

The record clearly shows that Ryan had signed a contract with the Kissel Skiles Company, and that all the requirements of Condition B. had been met. Ryan was, therfore, insured, and Stevens under the provisions of §9510-4 GC, which we consider ample to cover the instant circumstances was entitled to judgment against the Insurance Company.

The evidence as to Ryan's purpose in misrepresenting his age and his knowledge of the rules of the Kissel Skiles Company was properly excluded as immaterial.

An examination of the policy and endorsements discloses that it was not The Kissel Skiles Company which extended the insurance to Ryan, but the Insurance Company specifically provided for his insurance upon signing the contract with the Kissel Skiles Company.

The provisions of §9391 GC, are inapplicable as Ryan was not required to and made no representations to the Insurance Company.

The fact that The Kissel Skiles Company would not have permitted Ryan to sign the contract had they known his real age is in no way controlling in view of the admitted fact that he had signed such contract, and, therefore, brought himself within the terms of the insurance extended to him.

The policy must be construed in the light of the words used therein, which are to be given their reasonable meaning. Such words are neither to be strained to produce liability when none is assumed nor to be ignored when insurance is plainly extended.

We find no error in the record, prejudicial to the plaintiff in error, and the judgment of the court of common pleas of Hamilton County is affirmed.

HAMILTON and CUSHING, JJ, concur.