JOHN RONDINA, JUNIOR, *vs.* THE EMPLOYERS' LIABILITY
ASSURANCE CORPORATION, LIMITED, & others.

Suffolk.  February 8, 1934. — April 5, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Insurance,* Motor vehicle liability.

The coverage clause of a Massachusetts policy of compulsory motor
vehicle insurance stated that the "unqualified term 'Assured'" should
"include in each instance not only the named Assured but also any
other person, firm or corporation responsible for the operation of the
Assured's motor vehicle with the express or implied consent of the
named Assured insured hereunder, but the qualified term 'named
Assured' or 'Assured named in the Declarations' shall apply only to
the Assured named and described as such in the Declarations." The
owner of the vehicle through fraud procured the insurance and the
registration of the vehicle in the name of a third person. One, who
was operating the vehicle with the owner's permission, negligently
caused personal injuries for which the injured person recovered judg-
ment against the operator and then brought a suit in equity against
the third person, the "named Assured" in the policy, and the insur-
ance company under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and
apply the company's liability under the policy. The third person had
no interest in the vehicle, neither knew nor consented to the owner's
acts with respect thereto, did not know the operator, and did not
know that such operator or any one else was operating a motor vehicle
registered in his name. The suit was dismissed as to the insurance
company and the "named Assured." *Held,* that the operator could
not be said to have been operating the motor vehicle with the express
or implied consent of the "named Assured," and that the suit should
be dismissed as to all defendants.

BILL IN EQUITY, filed in the Superior Court on October 3,
1932, against The Employers' Liability Assurance Corpora-
tion, Limited, Horace Maher and Clarence Sanborn, and
described in the opinion.

The suit was heard by *Walsh,* J., upon an agreed statement
of facts. Material facts are stated in the opinion. A final
decree was entered dismissing the bill as to the defendants
insurance company and Sanborn. The plaintiff appealed.

*A. L. Brown,* for the plaintiff.

*K. C. Parker,* for the defendant insurance company.

PIERCE, J.  This is a bill in equity brought by a judgment creditor of one Horace Maher under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the proceeds of an alleged policy of insurance, issued by The Employers' Liability Assurance Corporation, Limited (hereinafter called the corporation) in the name of one Clarence Sanborn.

The case is before this court upon an agreed statement of facts.  These facts disclose, in substance, that on February 16, 1931, the plaintiff was injured and his automobile damaged by reason of the negligent operation by the defendant Maher of an automobile owned by one Walter Kerwin; that on January 1, 1931, Kerwin falsely and fraudulently represented to the corporation that the automobile was owned by Clarence Sanborn of 12 Pleasant Street, Saugus, Massachusetts; that upon that representation he procured from the corporation a Massachusetts compulsory liability policy in which Sanborn was named as the assured; that the policy was written for the term of one year and that no action was taken by the corporation or any one else to cancel the policy before February 17, 1931; that following the issuance of the policy Kerwin wrongfully registered his automobile in the name of Sanborn; that Sanborn had no interest of any kind in the automobile of Kerwin, and the acts of Kerwin in obtaining the policy and registering the automobile in the name of Sanborn were without Sanborn's knowledge or consent; that Sanborn did not know the defendant Maher, and at no time until after the accident occurred did he know that Maher or anybody else was operating an automobile which was registered in his name; that the procurement of the policy of insurance and the registration of the automobile were without the knowledge, permission or consent of Sanborn.  Following the procurement of the insurance policy a certificate, as defined by G. L. (Ter. Ed.) c. 90, § 34A, was filed by the corporation with the registry of motor vehicles.  The automobile in question was thereafter registered and assigned registration plates numbered 644,734, the registration running to and standing in the name of Clarence Sanborn, above re-

ferred to. It was agreed that at the time of the accident Maher was driving with the permission of Kerwin.

After the accident the plaintiff brought an action in the Third District Court of Eastern Middlesex against Horace Maher, the operator of the automobile, filing in said action a declaration which sought to recover for personal injuries and property damage. After default of the defendant, the plaintiff recovered judgment in the sum of $850, and costs of court $10.58, and execution issued on said judgment in the amount of $860.58. A demand was made on the corporation to satisfy said judgment and execution. This demand was refused and execution has in no part been satisfied. No appearance for or in behalf of said Horace Maher was entered by any attorney representing the corporation. At the hearing of the present suit in the Superior Court the plaintiff offered to prove that "at the hearing on the assessment of damages after default in the District Court the only evidence that was introduced as to damages was as to personal injuries and medical expenses, and that there was no evidence introduced at that hearing relating to or in any way showing what the property damage was." This evidence, as offered, was excluded and the plaintiff excepted.

G. L. (Ter. Ed.) c. 175, § 113A (5), provides "That no statement made by the insured or on his behalf, either in securing the policy or in securing registration of the motor vehicle or trailer covered thereby, no violation of the terms of the policy and no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy by a judgment creditor proceeding under the provisions of said section one hundred and thirteen and clause (10) of section three of chapter two hundred and fourteen." G. L. (Ter. Ed.) c. 90, § 1A, provides: "No motor vehicle . . . shall be registered under sections two to five, inclusive, unless the application therefor is accompanied by a certificate as

defined in section thirty-four A"; and § 34B reads in part as follows: "Any company issuing a certificate through a duly authorized officer or agent, which is filed with the registrar in connection with the registration of a motor vehicle, shall be estopped to deny the issue or execution of a motor vehicle liability policy or bond as set forth therein."

The insurance policy issued by the corporation in the pending suit is not denied by the parties to be in a form permitted by the insurance commissioner and we assume it was issued with such authority. The policy issued is numbered MX 278733 and under the heading "Declarations" has items numbered one to eleven inclusive. "Item 1" reads: "Named Assured Clarence Sanborn"; "Item 2" reads: "Address 12 Pleasant Street, Saugus, Massachusetts"; "Item 3" reads: "The named Assured is Individual"; and "Item 4" reads: "The named Assured's occupation or business is Salesman." The policy issued contains, with others, the following provisions: "THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, of London, England, (hereinafter called the Corporation), in consideration of the premium hereinbefore stated, does hereby agree with the Assured named in the Declarations as follows: . . . Insuring Clause I. To provide insurance in accordance with and as required by Chapter 346 of the Acts of 1925 of the Commonwealth of Massachusetts, and all acts amendatory thereof and supplementary thereto, and in addition To settle or to defend in the manner hereinafter set forth against claims resulting from the liability imposed by law upon the Assured and/or any person responsible for the operation of the named Assured's motor vehicle or trailer described herein with his express or implied consent to pay damages to others for bodily injuries, including death at any time resulting therefrom or consequential damages consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such bodily injuries or death sustained during the term of this Policy by any person and arising

out of the ownership, operation, maintenance, control or use upon the ways of the Commonwealth of Massachusetts of such motor vehicle or trailer, and To pay and satisfy judgments rendered against the Assured in legal proceedings defended by the Corporation and to protect the Assured against the levy of executions issued against the Assured upon the same, all subject to the limits expressed in Item 8 of the Declarations"; "I. — Coverage. The unqualified term 'Assured' wherever used in Insuring Clause I of the Policy or in any Agreements or Conditions to which Insuring Clause I is subject shall include in each instance not only the named Assured but also any other person, firm or corporation responsible for the operation of the Assured's motor vehicle with the express or implied consent of the named Assured insured hereunder, but the qualified term 'named Assured' or 'Assured named in the Declarations' shall apply only to the Assured named and described as such in the Declarations."

It is the contention of the corporation that no valid contract of motor vehicle liability ever existed; that it intended to contract with a named assured, Clarence Sanborn, or with nobody, and that there was no contract in law which gave any legal rights to the corporation against Sanborn under the contract of insurance or any rights which Sanborn could enforce against the corporation. To this contention the plaintiff answers that the defence is not open to the defendants because of the provisions of G. L. (Ter. Ed.) c. 90, § 34B, which reads: "Any company issuing a certificate through a duly authorized officer or agent, which is filed with the registrar in connection with the registration of a motor vehicle, shall be estopped to deny the issue or execution of a motor vehicle liability policy or bond as set forth therein." He further posits as an answer to the position taken by the corporation G. L. (Ter. Ed.) c. 175, § 113A (5), hereinbefore quoted. The corporation contends that the operator and judgment debtor, Horace Maher, was not covered by the motor vehicle liability insurance policy issued to Clarence Sanborn for the reason that Maher was not operating the automobile at the time

of the accident with the express or implied assent of the "named Assured" described as such in the "Declarations," under the provision entitled "Statutory Conditions" which are quoted above, under "I. — Coverage."

The defendant Horace Maher had no claim against the corporation because of the collision of automobiles, directly or impliedly; and has not any right to be compensated by the corporation under G. L. (Ter. Ed.) c. 90. In the circumstances here disclosed by no stretch of legal fiction can Maher be said to have been operating the automobile with the express or implied consent of the "named Assured."

In the opinion of a majority of the court the decree should be affirmed with costs as to Clarence Sanborn and The Employers' Liability Assurance Corporation, Limited, and the bill should be dismissed without costs as to Horace Maher.

It is unnecessary to consider the exception to the exclusion of evidence.

*Ordered accordingly.*