JOSEPHINE M. LEONARDO *vs.* LOUISE DEVELLIS & another.

Middlesex. December 14, 1934. — October 30, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Insurance,* Motor vehicle liability, Identity of assured. *Estoppel.*

An insurance company whose certificate that it had issued a policy of compulsory motor vehicle liability insurance to "Louis D. DeVellis," who was the owner of the vehicle and the applicant for insurance, was attached to an application for registration thereof by "Louise De-Vellis," was not estopped by G. L. (Ter. Ed.) c. 90, § 34B, or by the provisions as to "Certificate" in § 34A, to deny that it had insured Louise or to assert that it was not liable under its policy to her judgment creditor; and the creditor was not aided by G. L. (Ter. Ed.) c. 175, § 113A (5).

BILL IN EQUITY, filed in the Superior Court on March 31, 1933.

The suit was heard by *Greenhalge,* J., by whose order a final decree was entered dismissing the bill. The plaintiff appealed.

*E. A. Counihan, Jr.,* (*W. H. McLaughlin* with him,) for the plaintiff.

*D. H. Fulton,* for the defendant Allied Mutuals Liability Insurance Company.

RUGG, C.J.    This is a suit in equity under G. L. (Ter. Ed.) c. 175, §§ 112, 113; c. 214, § 3 (10), to reach and apply toward the satisfaction of a judgment recovered by the plaintiff the proceeds of a policy issued by the defendant insurance company (hereafter called the insurer) pursuant to the compulsory motor vehicle insurance statute. G. L. (Ter. Ed.) c. 90, §§ 34A–34J.    The trial judge made findings and rulings and ordered the entry of a decree dismissing the bill.    Final decree was entered accordingly. The plaintiff appealed.    The evidence is reported.

The facts found are in substance these: The plaintiff recovered judgment against Louise DeVellis (hereafter called the defendant) in an action for compensation for personal injuries sustained by reason of being struck by an automobile.    That judgment has not been satisfied and more than thirty days had elapsed since its entry before the bringing of the present suit.    G. L. (Ter. Ed.) c. 214, § 3 (10).    The automobile concerned in the accident, on account of which the judgment was recovered by the plaintiff, was registered in the name of the defendant upon an application in her name.    The registration number was 630791.    The real owner of the automobile and the real applicant for insurance was Thomas S. DeVellis, otherwise called Salvatore DeVellis, who applied for insurance under the name and description "Louis D. DeVellis, 131 Winsor Street, Watertown, Counter man."    The insurer executed a certificate stating that it had issued to Louis D. DeVellis, "the motor vehicle registrant, hereinbefore indicated," a motor vehicle liability policy covering the automobile. That certificate was in the form prescribed by the registrar of motor vehicles and was attached to the application for registration of the automobile, all as issued by the registrar of motor vehicles.    Further findings are that that "certificate now bears the name of Louise D. DeVellis, the terminal letter 'e' of the name 'Louise' being in pencil, all other

words or letters being typewritten. I am unable to find
when or by whom the letter 'e' was added to the name
'Louis,' but I do find by strong inference from the evidence
that it was added at some time subsequent to the issuance
of plates to Louise DeVellis, and that the person actually
insured and referred to in the certificate of insurance was a
man using the name of Louis D. DeVellis and not Louise
DeVellis. I am unable to find that any policy of insurance
was ever issued by" the insurer to the defendant Louise
DeVellis.

These findings are amply supported by the testimony
and must be accepted as true. There was evidence tending
to show that the certificate of insurance was executed in
triplicate, the original and two copies, all being attached to
the same printed form of application for motor vehicle regis-
tration. The second or "duplicate" copy was detached by
the insurer and retained by it. The original and the first
copy, still attached to the printed form, were later presented
to the registry of motor vehicles. At that time the applica-
tion was signed "Louise DeVellis." On receipt of the appli-
cation at the registry, the insurance certificate and the first
copy were stamped with the number 630791 and registra-
tion plates of that number were delivered to the applicant.
The first copy, known as the "record" copy, of the insur-
ance certificate was then returned to the insurer. At some
subsequent time, the letter "e" in penciled handwriting
was added to the typewritten name "Louis" on the original
certificate in the registry of motor vehicles. Neither the
"duplicate" nor the "record" copy of that certificate shows
any such alteration of Louis to Louise, but remained Louis.

The question is whether under the governing statutory
provisions the insurer in this suit may deny that it issued
an insurance policy to the defendant, whose name was
signed to the application for registration and whose name
in the manner above described appeared at the time of the
trial on the insurance certificate on file in the registry of
motor vehicles.

The following are the pertinent provisions of G. L. (Ter.
Ed.) c. 90: § 1A. "No motor vehicle . . . shall be regis-

tered . . . unless the application therefor is accompanied by a certificate as defined in section thirty-four A." § 34A. "'Certificate', the certificate of an insurance company . . . stating that it has issued to the applicant for registration of a motor vehicle a motor vehicle liability policy which covers such motor vehicle." § 34B. "Any company issuing a certificate . . . which is filed with the registrar in connection with the registration of a motor vehicle, shall be estopped to deny the issue or execution of a motor vehicle liability policy . . . as set forth therein."

The plaintiff contends that Louise DeVellis is the name of the applicant for registration as written on the application, and that therefore the insurer is estopped to deny that it issued a policy protecting her from liability on the automobile in question. The insurer contends that it issued a certificate to Louis D. DeVellis, that that fact was clearly stated in its certificate, and that its present defence is not inconsistent with or in denial of anything set forth in the certificate. The relevant statutes were enacted in order to make provision for security in the collection of compensation for damages sustained without fault by travellers on the highway through the negligent operation of motor vehicles by others. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535. The statutes, however, do not purport to make available to a judgment creditor the proceeds of a liability policy unless the judgment debtor falls within the definition of one assured under the terms of the policy. It is not within the contemplation of the statute that every person injured by the operation of the motor vehicle in all circumstances and by any person shall be entitled to the benefit of the insurance policy. A motor vehicle liability policy must provide "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss . . . ." § 34A. That is the extent of the compulsory requirement. Although the policy issued in the case at bar was not introduced in evidence, it must be presumed to conform to the mandates of the statute. *MacBey* v. *Hartford Accident & Indemnity Co. ante,* 105, 106–107.

The policy is not required to afford protection to everybody injured by the operation of the described automobile. It protects only as stated in the sentence last quoted. Liability as thus described must be established. The owner of an automobile alone properly may register it. G. L. (Ter. Ed.) c. 90, § 2. The plaintiff did not secure judgment against Thomas S. DeVellis, who was the owner of the automobile and who is contemplated by the statute as the appropriate applicant for registration and for insurance.

It is to be observed that, if the papers produced at the trial be accepted at their face value, there is an important discrepancy. The name on the application was "Louise DeVellis." The name of the assured stated in the certificate, assuming as part of that name the final "e" added in pencil manuscript to the otherwise typewritten given name "Louis," was "Louise D. DeVellis." That was not the name of the applicant, because it contained a middle initial. "The middle name or initial is a part of the name of a person." *Putnam* v. *Bessom,* 291 Mass. 217, 219, and cases there collected. The applicant and the person assured, according to that certificate, appear not to be the same person.

The plaintiff does not contend that Louise DeVellis is an assured under a policy issued to Louis D. DeVellis, or Thomas S. DeVellis. See *Blair* v. *Travelers Ins. Co.* 291 Mass. 432. She asserts that Louise DeVellis was insured directly. The findings and the evidence do not support that conclusion. The insurance certificate at the time of its execution and filing with the registrar of motor vehicles bore in typewriting "Louis D. DeVellis" as the name of the "Motor Vehicle registrant, hereinbefore indicated"; it described his "Occupation" as "Counterman." Plainly, the only person indicated in the certificate of insurance as being insured was Louis D. DeVellis, not Louise DeVellis. In form and words the "Certificate of Insurance" is a separate instrument, "to be filled out by Insurance Company" according to the words printed thereon. In the process of registration the "record" and "duplicate"

copies of the certificate become detached and separate, although the original remains, as printed and filled out, attached to the application for registration. In this connection it is not material whether the application for registration or the certificate was filled out and signed first. The liability of the insurer cannot be stretched beyond the terms of the certificate in the light of the governing statutes. The statutory estoppel prescribed by § 34B and already quoted prohibits denial by the insurer of the execution and issuance of a policy as set forth in the certificate of insurance. The insurer relies upon the certificate of insurance as exonerating it from liability and as showing that it issued no policy to the defendant. That defence is established on the present record. No estoppel is raised by § 34B against the insurer on these facts. Nothing in § 34A is at variance with this conclusion. That section defines an insurance certificate as a statement that the insurance company has issued a policy covering the specified motor vehicle to the applicant for registration. The certificate in question so stated, naming the true owner and appropriate applicant as found by the trial judge. The subsequent alteration of the certificate by some unknown person after the issuance of the registration plates, and the name "Louise DeVellis" on the application for registration, cannot alter the legal effect of the plain words of the certificate at the time of its execution and delivery.

The plaintiff is not aided by the provisions of G. L. (Ter. Ed.) c. 175, § 113A (5), to the effect that "no statement made by the insured or on his behalf, either in securing the policy or in securing registration of the motor vehicle . . . covered thereby . . . and no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy so as to bar recovery" in a proceeding like the present. That statutory regulation as to the force and effect of a motor vehicle insurance policy is important, is onerous on the insurer, and is given full effect in cases coming within its terms. *Caccavo* v. *Kearney,* 286 Mass. 480. The present defendant is not seeking to avoid its policy. It relies upon

the certificate signed by it and upon the implications of the policy there described. The contractual obligation of the insurer is defined by the insurance certificate signed by it and the policy issued by it. That contractual obligation is not affected by the conduct of an applicant for registration not covered by the insurance, either in placing a name on the application for registration, or otherwise. The insurer had no contract of insurance with the defendant. *Rondina* v. *Employers' Liability Assurance Corp. Ltd.* 286 Mass. 209. Nothing in the statutes prevents the insurer from asserting its nonliability upon the facts here disclosed.

*Decree affirmed.*