Gustavo G. Gallopin, Appellant, v. Continental
Casualty Company, Appellee.

Gen. No. 39,258.

MATCHETT, P. J., dissenting.

Opinion filed April 19, 1937.   Rehearing denied May 3, 1937.

LOU NATHANSON, of Chicago, for appellant; JOSEPH J. TICKTIN, of Chicago, of counsel.

GEORGE C. BLISS and ABRAHAM LEPINE, both of Chicago, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff recovered a judgment of $1,000 against W. A. Blinn, Jr., because of his negligent driving of an automobile which belonged to the Illinois Hertz Drivurself Stations, Incorporated. Plaintiff brought the instant suit to recover the amount of this judgment on defendant's policy of insurance, and upon trial by the court the judgment was against him, from which he appeals.

Under the Motor Vehicles Act, Ill. State Bar Stats. 1935, ch. 95a, par. 47(1), the owner, being in the business of renting out motor vehicles, is obligated to place on file with the Secretary of State a motor vehicle liability policy. By the terms of this policy the defendant became liable to "pay and satisfy within thirty days after it becomes final any judgment rendered against said owner and/or customer, and/or person operating such motor vehicle with the customer's express or implied consent . . ." for injury or damages to property. (Note the "and/or"—a kind of verbal teratism.)

Plaintiff argues that by this policy defendant is obligated to him for the payment of the $1,000 judgment against Blinn. Defendant argues that it becomes liable only for accidents occurring while the motor vehicle is operated by a customer of Hertz, the owner, or any person operating it with the customer's express or implied consent, and says that Blinn was not operating the automobile with the express or implied consent of a customer.

The supervisor of the Hertz Station testified that when a person applies for a car he is given an application blank to fill out with his name, his address, occupation, description and his signature; they then check up on this application and if the applicant is O. K. his name is placed on a register of customers and an identification card is mailed him; a person wishing to rent a car must display the identification card and sign a rental ticket; cars are rented only to persons having identification cards.

The name of M. Dowden was on this list of customers. Dowden testified that one day while on the beach he took off his coat and laid it down and engaged in a game of ball; that he had his identification card in the pocket of his coat but that the next day when he looked for it it was gone; Charles Ernst was seen on the beach while Dowden was there; Ernst was not on the list of customers of the Hertz Station, but on September 23, 1929, the day Dowden lost his card, Ernst applied to the Hertz Station for a car; he told the manager of the station that he was Dowden; the manager looked through their list of customers and found the name of M. Dowden; Ernst had in his possession the identification card made out to Dowden and presented it to the manager and signed a receipt for the car in the name of M. Dowden; it also appears that Ernst, by these means, got possession of the car at the request of his friend, Blinn, who wanted a car to take some girls riding; Blinn furnished the $10 deposit Ernst made with the Hertz Station, to be applied on the rental of the car; Blinn says that he had Ernst do this for him as he, Blinn, was a minor and knew that the Hertz station would not let him have a car. Ernst and Blinn rode off with the car and after Ernst was taken to his home Blinn proceeded with his ride, during which he collided with

the car driven by the plaintiff, Gallopin. Plaintiff brought suit against Blinn, who did not appear and permitted judgment of $1,000 to be entered against him by default.

The court properly found as a fact that on the day the car was taken the Hertz Station did not have a customer by the name of Charles Ernst and that Ernst obtained possession of the automobile by falsely representing to the Hertz station that he was a customer by the name of M. Dowden and by signing the name of M. Dowden to the rental agreement.

It is conceded that Blinn was driving the automobile with the consent of Ernst. The question is, Was Ernst a "customer" of the Hertz Stations as that word is used in the policy sued on?

The rule construing insurance policies most strongly against the insurer in case of ambiguity is not applicable to provisions of a policy prescribed by statute. The language of the policy imposing liability (except as to the senseless "and/or") follows precisely the language of the statute. The rule does not apply when the wording is not that of the insurer but is taken from the statute. *MacBey v. Hartford Accident & Indemnity Co.,* — Mass. —, 197 N. E. 516; *Frozine v. St. Paul Fire & Marine Ins. Co.,* 195 Wis. 494, 218 N. W. 845; *Sturgis Nat. Bank v. Casualty Co.,* 252 Mich. 426, 233 N. W. 367. The opinion in *North West Cab Co. v. Central Mut. Ins. Co.,* 266 Ill. App. 192, is not to the contrary. In that case was involved only the question of the territory covered by the policy.

Plaintiff cites a number of cases which seem to hold that in case of a sale of personal property the seller contracts with the individual who stands before him although such individual represents himself as someone else. In the instant case there was no sale of the automobile to Ernst and no question involved of

passing title to him, which was the question in the cases cited. Here we have a temporary rental under an agreement bearing the signature of M. Dowden, defendant's customer, which provides that it is a contract of renting only and not of sale and that the renter will return the automobile in as good condition as it was when received by him and will comply with all of the conditions in the insurance policy applying to the automobile; also pay the cost of replacing any damage to the vehicle while rented, except where the customer satisfies the owner that he was free from all negligence.

These provisions of this rental agreement emphasize the necessity that the renter should be on the list of customers, with an identification card issued after an investigation which satisfied the Hertz Stations that the renter was a fit and proper person who would comply with the provisions of the rental agreement.

In 13 C. J. 378 is a general statement that, "There is no agreement where one party enters into the contract under a mistake as to the identity of the other party as where the party contracted with has falsely represented himself to be another . . . ." See also *Langdon v. Hughes,* 113 Ill. App. 203; *Arkansas Smelting Co. v. Belden Co.,* 127 U. S. 379, 387, 388. Benjamin on Sales (7th ed.), sec. 433, says in substance that whenever goods are obtained from their owner by fraud it must be distinguished whether there was a sale to the party guilty of the fraud or a mere delivery of goods induced by fraudulent devices. *Phelps v. McQuade,* 220 N. Y. 232, upon which plaintiff seems to place much reliance, was a case of selling goods to the person with whom the seller dealt. But in *Morgan Munitions Co. v. Studebaker Corp.,* 226 N. Y. 94, where an impostor secured employment from the defendant to sell munitions, and suit was

brought to recover commissions on sales by the impostor, the court held there could be no recovery as under the circumstances there was no contract.

Moreover, it is a well recognized principle that where a contract is entered into by two parties for the benefit of a third, the third person's rights are subject to the equities between the original parties springing out of the transaction between them. *Revell & Co. v. Morgan Grocery Co.*, 214 Ill. App. 526; Restatement of the Law of Contracts, vol. 2, p. 910. The right of plaintiff to recover on the contract of insurance is necessarily based upon the legal right of Ernst, if any. If Ernst was not a "customer" of Hertz Stations then plaintiff has no enforceable rights against defendant, as his right to recover depends upon the right that Ernst acquired as a legal, valid customer of Hertz Stations. If Ernst was not a customer then he could not legally consent to the operation of the automobile by Blinn.

Cases cited by plaintiff to support the claim that Ernst was a customer are not helpful. *Roberts v. Central Mut. Ins. Co.*, 285 Ill. App. 408, involved the question of whether the operator of the automobile was guilty of fraud in failing to co-operate with the insurer in the defense of the personal injury suit. *General Casualty & Surety Co. v. Stevens*, 41 Ohio App. 581, 180 N. E. 271, involved the rental of a car to a minor who misrepresented his age when renting the car; it was held that the policy of insurance covered the liability of the operator of the rented car by one who signed a contract with the renting company. In *Guzenfield v. Liberty Mut. Ins. Co.*, 286 Mass. 133, 190 N. E. 23, the automobile was operated by the judgment debtor with the consent of an employee of the owner, the assured named in the contract of insurance. Other cases cited by plaintiff can be distinguished.

14

A case somewhat similar in its facts is *Rondina v. Employers' Liability Assur. Corp.*, 286 Mass. 209, 190 N. E. 35. There Kerwin, the owner of the automobile, registered it in the name of Sanborn and caused a policy of insurance to be issued in Sanborn's name although he had no interest in the automobile nor any knowledge that it was registered in his name; at the time of the accident Maher, with the permission of Kerwin, was driving the automobile; it was held that Maher was not covered by the motor vehicle liability insurance policy for the reason that he was not operating the automobile at the time of the accident with the express or implied assent of the named assured.

Applying this to the instant case, when Ernst obtained the automobile from the Hertz Station, giving his name as M. Dowden, automatically the contract of insurance in question would cover M. Dowden, the person named in the rental agreement, and when Ernst permitted Blinn to operate the automobile it was not driven with the consent of M. Dowden for whose benefit the insurance policy ran.

In *Leonardo v. De Vellis*, — Mass. —, 198 N. E. 264, the court had occasion to construe the Massachusetts compulsory motor vehicle insurance statute. There plaintiff recovered a judgment against Louise De Vellis for injuries sustained in an automobile accident; the real owner was Thomas De Vellis but the certificate of insurance ran to Louis D. De Vellis; the court held there was no liability of the insuring company, as the policy was issued to a person other than the judgment debtor. In the opinion the court uses this language: "The statutes, however, do not purport to make available to a judgment creditor the proceeds of a liability policy unless the judgment debtor falls within the definition of one assured under the terms of the policy. It is not within the contemplation of

the statute that every person injured by the operation of the motor vehicle in all circumstances and by any person shall be entitled to the benefit of the insurance policy." Another Massachusetts case is *MacBey v. Hartford Accident & Indemnity Co.,* — Mass. —, 197 N. E. 516, where the general rule for the interpretation of compulsory liability policies is stated, to the effect that all words must be construed according to the common and approved usage of the language. The word "customer" must be construed in the ordinary understanding of the word. Originally the word implied one who repeatedly did business with another. But repeated dealings are not always necessary to make one a customer.

In the instant case the Hertz Stations, for the purpose of protecting itself from irresponsible persons and to insure compliance with the provisions of the rental agreement, after a preliminary investigation of an applicant and a satisfactory report, adds his name to its list of customers—persons to whom it is willing to rent its cars; it will not rent a car to one whose name does not appear on this list; Ernst evidently knew that if he applied in his proper person for a car he would be refused; having come into possession of Dowden's card by means which are questionable, he imposes on Hertz Stations by pretending to be Dowden and supported this misrepresentation by exhibiting this identification card and signing the rental agreement in Dowden's name. Under these circumstances we are of opinion that Ernst was not a customer. If one had obtained a car from the Hertz Stations without its knowledge or consent, could it be said that he was covered by defendant's policy in the event of liability for an accident? Manifestly not. By the same reasoning Ernst, the impostor, was not covered by defendant's policy. As Blinn was not driving the car at the time of the accident with the con-

sent or permission of a customer, there is no liability under the policy.

We are of the opinion the conclusion of the trial court was proper, and the judgment is affirmed.

*Affirmed.*

O'CONNOR, J., concurs.
MATCHETT, P. J., dissents.