**Johnston**
**v.**
**Akron Center**
**for Reproductive Health, Inc.**
*[Cite as 5 AOA 224]*

*Case No. 14353*
*Summit County, (9th)*
*Decided July 18, 1990*

*Timothy F. Scanlon, Attorney at Law, 1100 First Nat'l. Tower, 106 S. Main St., Akron, OH 44308, for Plaintiff.*

*Charles E. Pierson and David W. Hilkert, Attorneys at Law, P. O. Box 1500, Akron, OH 44309, for Defendants.*

REECE, P.J.

Appellant, Arlita R. Johnston, is the Administratrix of the estate of Robin Wells (Administratrix). Robin Wells died as a result of services rendered by the Akron Center for Reproductive Health, Inc. (Akron Center). A suit was filed by Administratrix against Akron Center which resulted in a judgment against Akron Center in the amount of $1,363,000. This judgment was reduced by $550,000 to reflect settlements that had been made with other defendants in the suit.

The Administratrix procured an assignment with the Akron Center. Thus, she became the assignee of the rights of Akron Center in its supplemental petition against appellee, General Accident Group (General Accident). The supplemental proceedings involve the sole issue of insurance coverage. General Accident issued an insurance policy to Akron Center which was in force at the time of the death of Robin Wells.

The court determined, after trial, that there was no liability coverage to apply to the incidents which occurred in the underlying case. The trial court entered judgment for General Accident. The Administratrix appeals.

### ASSIGNMENT OF ERROR

"I. The trial court erred in rendering judgment for the General Accident Group."

In this case, the sole issue is whether the policy issued by General Accident applies to the judgment recovered by the Administratrix against Akron Center. As the trial court noted, the policy must be construed in the light of the words used therein, which are to be given their reasonable meaning. See *General Casualty and Surety Co. v. Stevens* (1931), 41 Ohio App. 581, 584. Such words are neither to be strained to produce liability, when none is assumed, nor ignored when insurance is plainly intended. *Id.*

Words that are ambiguous are to be construed liberally in favor of the insured and strictly against the insurer. *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, syllabus; *Thompson v. Preferred Risk Mut. Ins. Co.* (1987), 32 Ohio St. 3d 340, 342. Where exclusions are introduced into an insurance contract, that which is not clearly excluded is included. See *King v. Nationwide Ins. Co.* (1988), 35 Ohio St. 3d 208. Applying these principles to the policy in this case, this court holds that the policy does not apply to the judgment recovered by the Administratrix against the insured, Akron Center.

The General Accident Group Policy is entitled "Special Multi-peril Policy". The declaration pages show that it is divided into two sections: "Section I, property coverage, and Section II, liability coverage."

The liability coverage section at issue in this case provides:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. bodily injury or; Coverage B. property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company liability has been exhausted by payment of judgments or settlements."

"*** ." (Emphasis in original.)

The definitions provision to the liability coverage section provide:

"*** ;

"'bodily injury' means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"*** ;"

"'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the

standpoint of the insured;*** ." (Emphasis in original.)

The exclusion section pertinent to this case provides:

### EXCLUSION
### (Malpractice and Professional Services)
### (Form C)

"It is agreed that with respect to any operation described below or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury or property damage due to the rendering of or failure to render any professional service.

"Description of Operations:
"Doctor's Office."
"*** ."

The Administratrix contends that the specific exclusion for malpractice and professional service does not apply to the present situation because the Akron Center is not a doctor's office and nurses do not provide professional services.

The trial court determined that the basic language of the policy precluded recovery because the bodily injury covered by the policy is that which arises from an occurrence that is a result of a defect in the physical premises or structure. Giving the words used their reasonable meaning, the general policy, construed liberally in favor of the insured, provides for coverage. The acts herein are either an occurrence which may have resulted in bodily injury or professional services which may be malpractice. If they are the former, then coverage would apply.

This court will now look to the exclusion. Two things are excluded - malpractice and professional services. The Administratrix contends that nurses do not provide professional services because R.C. 1785.01, which defines professional services does not encompass nurses. However, this section only defines professional services under Chapter 1785, Professional Associations.

R.C. 4723.06, which defines the practice of professional nursing states, in part, as follows:

"'Practice of professional nursing' means the performance for compensation of acts requiring substantial judgment and specialized skills based on knowledge and application of scientific principles learned in an approved school of professional nursing."

Thus, nurses do perform professional services and are part of the exclusion.

Additionally, the Administratrix contends that the Akron Center is a clinic and not a doctor's office, thereby prohibiting it from falling

under the exclusion. An office is a place for the regular transaction of a business or performance of a particular service. Black's Law Dictionary (5 Ed. Rev 1979) 976. Therefore, a doctor's office must be a place where a doctor performs a particular service.

In this case, the doctor performed a medical service at the Akron Center. Thus, the words "doctor's office" may be used to include the service performed in this case.

For the foregoing reasons, the Administratrix assignment of error is overruled and the judgment of the trial court is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment affirmed.*

QUILLIN, J., and BAIRD, J., concur.