This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mary Bics ("Mary"), appeals from a judgment of the Lorain County Court of Common Pleas that denied her motion for summary judgment and granted summary judgment for appellees, Jean Marie Bics ("Jean") and Judith Foster ("Foster"). We reverse.
This action, brought by Grange Life Insurance Company ("Grange") against Mary, Jean, and Foster, involves a dispute over who has rights as the beneficiary or beneficiaries of a $200,000 Grange policy on the life of Richard Bics, Jr. ("Richard"). Richard died on December 13, 1999.
When Richard initially obtained the policy in 1987, his wife, Mary, was designated as the sole beneficiary with his children sharing equally as contingent beneficiaries. Over the next several years, however, Richard attempted to change the designated beneficiaries more than once. The last time was on October 8, 1998, when Richard designated as beneficiaries his mother, Jean, with a seventy-five percent share, and Foster, whom Richard indicated was his fiancé, with a twenty-five percent share.
Richard's life insurance policy provided that "[only the Owner can make changes in the designations of owner and beneficiary. * * * Changes must be by written notice to the Company[.]" The sole dispute between the parties was who was the "Owner" of Richard Bics' life insurance policy. Grange maintained that Richard was the sole owner of the policy and that he had properly changed the beneficiary in 1998, designating Jean and Foster as beneficiaries. It is the position of Mary, however, that she and Richard were joint owners of the policy and, because she never signed the documents to change the beneficiary, Richard's attempts to change beneficiaries were ineffective.
The parties filed cross motions for summary judgment. Mary supported her motion with the four corners of the insurance policy, while Jean, Foster, and Grange submitted Grange documents in addition to the policy, contending that these documents demonstrated that only Richard had acted as the owner and exercised ownership rights. The trial court granted summary judgment for Jean and Foster and denied Mary's motion for summary judgment. Mary appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR I The trial court erred when it granted summary judgments in favor of the Appellees Jean Marie Bics and Judith Foster.
 ASSIGNMENT OF ERROR II The trial court erred when it denied the Appellant's motion for summary judgement.
We will address the assignments of error jointly because they are interrelated. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
Ohio courts have consistently held that insurance contracts must be construed in accordance with the same rules as other written contracts. See, e.g., Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665. "The construction of written contracts and instruments of conveyance is a matter of law." Alexander v. Buckeye PipeLine Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Where an insurance policy is clear and unambiguous on its face, the words of the policy must be given their plain and ordinary meaning. Johnston v.Akron Ctr. for Reproductive Health, Inc. (1990), 68 Ohio App.3d 655,657. "[W]here the terms in an existing contract are clear and unambiguous, [a] court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties."Alexander, 53 Ohio St.2d at 246, citing Blosser v. Enderlin (1925),113 Ohio St. 121, paragraph one of the syllabus.
The sole dispute here focuses on the meaning of the term "owner" in the policy. Mary asserts that she and Richard were co-owners; Grange, Jean, and Foster assert that Richard was the sole owner. It must be noted that, although Grange submittted, and Jean and Foster attempted to rely upon, a stack of parol evidence relating to this policy, none of the parties argued that the policy terms were ambiguous. In fact, through their joint briefs below and on appeal, Jean and Foster maintain that the policy language is clear and should be enforced according to its plain meaning. By their own argument, therefore, parol evidence would not be considered. Parol evidence is admissible only if the terms of the contract are ambiguous and then only to interpret, but not to contradict, the express language. Inland Refuse Transfer Co. v.Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 324.
The insurance policy provides that "[t]he entire contract consists of this policy and the attached application." The section entitled "OWNER" states, in part: "The owner is named in the application[.]" Section I of the application includes blanks for the name, address, phone number, occupation, and other information about "Proposed Insured #1." Section II includes blanks for that same information about "Proposed Insured #2." Section III provides space for information about the applicant/owner "if other than Proposed Insured." Thus, the policy essentially states that the owner is the proposed insured, unless an owner is specifically designated in Section III.
The application, as completed by Richard and Mary, designates Richard as "Proposed Insured #1" and Mary as "Proposed Insured #2." Section III, which allows for a specific designation of owner "if other than Proposed Insured" was left blank. Likewise, at the end of the application, Richard signed as "Proposed Insured #1" and Mary signed as "Proposed Insured #2." The signature line for "Applicant/Owner, if Other than Proposed Insured" was left blank.
Although Grange, Jean, and Foster essentially argue that it is obvious that the "Proposed Insured" is the primary insured or "Proposed Insured #1," there is no language in the policy to justify such an interpretation. Had the drafters intended to limit this definition to "Proposed Insured #1," they could have included the "#1." We cannot add language to the policy to alter the meaning of that term.
Although the terms "owner" and "proposed insured" are in the singular, those terms are not necessarily limited to single individuals. "The singular and the plural forms [of terms] are often used in contracts interchangeably, and courts should construe the plural and singular forms interchangeably so long as such a construction is consistent with the evident purposes of the contract." Ohio Dev. Co. v. Ellis (Oct. 22, 1987), Montgomery App. No. 10340, unreported, 1987 Ohio App. LEXIS 9276, at * 11-12, citing Stetson Shoe Co. v. Proctor Hall Co. (1934), 17 Ohio Law Abs. 278, 281. The use of singular terms here was most likely for purposes of flexibility. This is a form policy and application and, in other situations, there may be only one owner or one insured.
The application and policy, read as a whole, clearly indicate that the "owner" is the person or persons listed on the application as proposed insured or insureds, unless someone is designated in Section III. In this case, both Richard and Mary were listed as proposed insureds and no one was specifically designated as owner in Section III. Consequently, both Richard and Mary were owners and, because Richard attempted to change the beneficiary without Mary's written authorization, the attempted change was not effective. Mary remained the beneficiary and was entitled to a judgment to that effect.
Therefore, summary judgment for Mary, not Jean and Foster, should have been granted. The first and second assignment of error are sustained and the judgment of the trial court is reversed and remanded to enter the appropriate judgment.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
 _______________________________ LYNN C. SLABY
BATCHELDER, P.J. WHITMORE, J. CONCUR.