This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Shannon Gidley, appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellee, Cincinnati Insurance Company. We affirm.
This appeal arises out of a traffic accident which occurred in 1996. In 1998, Appellant entered into a settlement agreement and release of all claims with the at-fault driver's insurer for payment of the policy limit of $50,000. In 2000, Appellant filed a complaint against Appellee, alleging that she was entitled to underinsured motorist coverage benefits, pursuant to a policy between her mother's employer and Appellee. Both parties moved for summary judgment. The trial court granted Appellee's motion, in part, and denied Appellant's motion. Appellee moved the trial court to reconsider its order and filed a timely notice of appeal to this court.[1]
This court dismissed the appeal after Appellee failed to respond to an order of the court, which required Appellee to show cause why the order from which it appealed was final and appealable. Subsequently, the trial court granted the motion for reconsideration. It granted Appellee's motion for summary judgment, finding that even if Appellant was insured under the policy, she was not entitled to underinsured motorist coverage since she had breached the policy's notice requirement. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred to the prejudice of [Appellant] in overruling [Appellant's] motion for summary judgment and in sustaining [Appellee's] motion for summary judgment on the grounds that [Appellant] was not entitled to UM/UIM coverage under the commercial automobile policy issued by [Appellee] because she breached the policy's notice requirement.
In Appellant's assignment of error, she argues that the trial court erred in granting summary judgment in favor of Appellee. Specifically, she asserts that (1) she met the policy requirements when she exhausted the coverage of the tortfeasor, (2) the notice and consent provisions of the policy conflict and should be construed against Appellee, and (3) at the time she settled with the tortfeasor, it would have been futile to give notice to Appellee, since her claim was not legally recognized at that time. We disagree with Appellant's contentions.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
Ohio courts have consistently held that insurance contracts must be construed in accordance with the same rules as other written contracts. See Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665. "The construction of written contracts and instruments of conveyance is a matter of law." Alexander v. Buckeye PipeLine Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Where an insurance policy is clear and unambiguous on its face, the words of the policy must be given their plain and ordinary meaning. Johnston v.Akron Center for Reproductive Health, Inc. (1990), 68 Ohio App.3d 655,657.
In the present case, the policy's uninsured motorist endorsement contains the provisions in question and states as follows:
A. Coverage
* * *
 2. We will pay under this coverage only if a. or b. below applies:
 a. The limits of any applicable liability bonds or policies have been exhausted by judgments or payments; or
 b. A tentative settlement has been made between an "insured" and the insurer of the vehicle described in paragraph b. of the definition of "uninsured motor vehicle" and we:
 (1) Have been given prompt written notice of such settlement; and
 (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.
With respect to this provision, Appellant contended in her motion for summary judgment and on appeal that since the policy sets forth requirements "a." and "b." in the disjunctive, as long as either applies, uninsured/underinsured motorist coverage applies to the loss. We agree with this interpretation. Since "a." applies in this case, Appellant's loss is covered under this section. See Cincinnati Ins. Co.v. Estate of McClain (Mar. 8, 2002), Greene App. No. 2001-CA-96, unreported, 2002 Ohio App. LEXIS 1015, at *5 (analyzing duplicate policy language and finding that the claim in question was covered by this section). See, also, Green v. Cincinnati Ins. Co. (Dec. 7, 2001), Huron App. No. H-01-018, unreported, 2001 Ohio App. LEXIS 5409, at *10-11. However, the inquiry cannot end there.
The policy also contains a section entitled "Exclusions," which details four types of losses for which there is no coverage under the policy. That section states, in relevant part:
This insurance does not apply to:
 1. Any claim settled without our consent. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in paragraph F.3.b. or the definition of "uninsured motor vehicle".
Paragraph F.3.b. defines an underinsured vehicle as "a land motor vehicle or trailer for which the sum of all liability bonds or policies * * * [is] less than the Limit of Insurance of this coverage."
Additionally, the policy includes a standard subrogation clause that requires notice to the insurer, entitled "Changes in Conditions[.]" It lists the requisite duties of an insured in the uninsured motorist endorsement. The relevant language is as follows:
 2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS is changed by adding the following:
* * *
 c. A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the vehicle described in paragraph F.3.b. * * * and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle[.]
A subrogation clause, such as this, is a valid and enforceable precondition to an insurer's duty to provide underinsured motorist coverage. McDonald v. Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27,29. This court has previously held that "an insured who settles with and releases an underinsured tortfeasor before giving her insurer notice is precluded from bringing an action against [her] insurer for underinsured motorist benefits." Colegrove v. Weyrick (May 6, 1998), Summit App. No. 18290, unreported, at 15.
The parties conceded that, pursuant to the "Exclusions" section, Appellant was not required to obtain Appellee's consent prior to settling with the tortfeasor. However, Appellant avers that the language of the "Exclusions" section conflicts with the notice provision; therefore, the court should construe the contract in her favor. With this portion of her argument, we disagree.
In McClain, supra, the Second Appellate District addressed a policy that was virtually identical to the policy in the instant case. The appellant in that case also raised the argument that the consent and notice provisions of the policy were in conflict. The court found as follows:
 [T]he character of the "consent" provision and the "notice" provision is entirely different. If consent were required under the policy and not obtained, no coverage would exist under the policy. On the other hand, the notification provision establishes a duty for the insured. If the duty is breached, further inquiry is required to determine whether coverage should be precluded under the policy. Contrary to the [Appellant's] contentions, this policy specifies that the duty of notification is imposed upon the insured in order to protect [the insurance company's] subrogation rights against the tortfeasor.
Id. at *10-11.
We agree and find that the policy in this case does not require that the insured obtain consent prior to settling the loss in order for coverage to be provided. However, it does impose a duty upon the insured to promptly notify the insurance company prior to finalizing any settlement with a tortfeasor, if the insured intends to seek underinsured motorist coverage. See id. at *10. In other words, Appellant did not need to obtain permission from Appellee to settle, but she did need to inform Appellee that a tentative settlement had been reached to allow Appellee to take whatever action it wished to take. See id., citing McDonald,45 Ohio St.3d at 31-32 (explaining the options of the insurance company once notified of a tentative settlement with the tortfeasor).
The Ohio Supreme Court has held that a requirement of prompt notification in an insurance policy "requires notice within a reasonable time in light of all the surrounding facts and circumstances." Ruby v.Midwestern Indem. Co. (1988), 40 Ohio St.3d 159, 161. Unreasonable delay in giving notice to an insurer may be presumed to be prejudicial absent evidence to the contrary. Id. The burden of proof rests upon the insured to show impossibility of performance or exercise of due diligence in complying with the policy conditions. Heller v. The Standard AccidentIns. Co. (1928), 118 Ohio St. 237, 246.
In this case, Appellant gave Appellee notice of the accident approximately four years after the accident occurred and two years after she settled with the tortfeasor. Appellant contended that the reason for the delay was that she could not have filed a claim with Appellee until after the Ohio Supreme Court decided Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. Pontzer and its progeny allowed employees and family members to be considered "insureds" and recover uninsured/underinsured motorist coverage under commercial liability policies. McClain, supra, at *12, fn. 1. Appellant notified Appellee of the accident approximately one year after the Supreme Court decidedPontzer.
We conclude that the notice given by Appellant was unreasonably delayed, since awaiting a favorable supreme court decision is not a reasonable excuse for a four-year delay in filing a claim. See McClain, supra, at *12, fn. 1. Appellee was not made aware of any potential claim until after Appellant executed a release. This precluded Appellee from exercising its subrogation rights against the tortfeasor. As a result, Appellee is not required to provide coverage under the policy. See Thorleyv. Am. States Preferred (Mar. 20, 2002), Summit App. No. 20827, unreported, at 8. Based on the foregoing, this court finds that the trial court did not err in granting Appellee's motion for reconsideration and in granting summary judgment in favor of Appellee. Appellant's assignment of error is overruled.
Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J., BATCHELDER, J. CONCUR.
[1] A motion for reconsideration of a final judgment in the trial court is a nullity, but it is the proper procedural vehicle for obtaining relief after interlocutory orders. Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, 379. In this case, although the trial court deemed the order which Appellee moved the trial court to reconsider as a "final appealable order[,]" it was not final and appealable. Specifically, the order granted summary judgment, in part, and contained no Civ.R. 54(B) language. Therefore, Appellee properly moved for reconsideration in this instance.