## DANIEL J. MULLEN *vs.* DAVID BROWN.

Essex.   November 5. — 6, 1884.   FIELD & C. ALLEN, JJ., absent.

A person who has procured the arrest and imprisonment of another on a lawful
warrant is not liable to an action for false imprisonment, although his object
in making the complaint upon which the warrant was issued was to enforce the
payment of a debt.

TORT for false imprisonment.   Trial in the Superior Court,
before *Blodgett,* J., who allowed a bill of exceptions, in sub-
stance as follows:

The plaintiff sold to the defendant a sleigh, and was paid
$50 therefor.   The sleigh, at the time of the sale, was subject
to a mortgage given by the plaintiff to one Daniel H. Murphy,
and was taken from the defendant and sold upon said mortgage.
Thereupon the defendant made complaint to the Police Court
of Lynn, charging the plaintiff, in selling the sleigh, with the
offence described in the Pub. Sts. *c.* 203, § 70.   A warrant was
issued on this complaint, upon which the plaintiff was arrested;
and for this arrest the plaintiff sought to recover damages in
this action.   The plaintiff was tried and convicted in said Police
Court, appealed to the Superior Court, and was tried therein,
and acquitted.

The plaintiff introduced evidence tending to show that the mo-
tive of the defendant in instituting the criminal prosecution was
to enforce the payment to him by the plaintiff of said $50; and
contended that, if the plaintiff was guilty of the crime charged in
the complaint, the fact that he was guilty was not a defence to
this action, if the jury found that the motive of the defendant
in making said complaint was as before stated.   The plaintiff
asked the judge to instruct the jury that, "if the plaintiff was
arrested under a legal warrant and by a proper officer, yet if
one of the objects of the arrest was thereby to extort money or
property from him, or to enforce the settlement of a civil claim,
such arrest would be a false imprisonment by all who directly
or indirectly procured the same, or participated therein for any
such purpose."   The judge declined to give this instruction;
and instructed the jury that, "if the plaintiff sold the sleigh
to the defendant without the written consent of the mortgagee,

and without informing the defendant that the sleigh was mortgaged, although the motive of the defendant in making said complaint was to enforce payment of said fifty dollars, this action could not be maintained."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*N. D. A. Clarke,* for the plaintiff, cited *Hackett* v. *King,* 6 Allen, 58; *Taylor* v. *Jaques,* 106 Mass. 291, 295.

*W. H. Lucie & H. F. Hurlburt,* for the defendant.

BY THE COURT. The plaintiff was arrested upon a lawful warrant, duly issued by a magistrate upon the complaint of the defendant. For such arrest, and the imprisonment following it, the defendant is not liable in an action for assault and false imprisonment, although his object in making the complaint was to enforce the payment of a debt or to extort money. The plaintiff's remedy, if any, is by an action for malicious prosecution. *Coupal* v. *Ward,* 106 Mass. 289. *Exceptions overruled.*