GEORGIANNA MORROW *vs.* WHEELER AND WILSON MANU-
FACTURING COMPANY & another.

Middlesex.   January 15, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Libel — False Imprisonment — Malicious Prosecution — Probable Cause —
Pleading — Practice.*

A complaint made to a court of competent jurisdiction in the regular course of justice, and containing no impertinent allegations, is not deemed an actionable libel.

Arrest and detention upon due process of law are not assault and false imprisonment.

Conviction in the court to which a complaint is made shows conclusively that the complaint was made with probable cause.

A plaintiff who cannot maintain his action against either one or both of two defendants is not harmed by being compelled to elect to discontinue as to one defendant, or by having a verdict ordered for the other defendant.

TORT, against the Wheeler and Wilson Manufacturing Company, a corporation having a usual place of business in Lowell, and William M. Waterman of that city. The declaration contained three counts: the first, for libel in making, signing, and publishing a complaint to the Police Court of Lowell for con-

cealing personal property sold upon a conditional sale; the second, for false imprisonment in consequence of the arrest of the plaintiff on the complaint; and the third, for malicious prosecution in making and prosecuting the complaint. The answer of Waterman was a general denial; the answer of the corporation was a general denial, and that Waterman, acting in good faith and on the advice of counsel, made the complaint, and that the plaintiff was found guilty in the police court, and acquitted and discharged in the Superior Court on appeal.

At the trial in the Superior Court, before *Sheldon*, J., it appeared that the only publication of defamatory words was the making of the complaint, and the only assaults and imprisonments were the arrest and detention of the plaintiff under due process of law.

The judge ruled, subject to the plaintiff's exceptions : 1. That the first and second counts could not be maintained. 2. That the action on the third count could not be maintained against the defendants jointly, and that the plaintiff must elect as to which defendant she should proceed against. The plaintiff thereupon discontinued as to Waterman, and elected to proceed against the corporation, and the judge thereupon ruled : 3. That on the whole evidence the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*B. D. O'Connell*, for the plaintiff.

*W. H. Preble*, for the defendant.

BARKER, J.    The exceptions to the ruling that the first count, which was for libel, and the second count, which was for assault and false imprisonment, could not be maintained, must be overruled.

Upon the evidence, the only publication of defamatory words was the making of the complaint to the police court; the only assaults and imprisonments were the arrest and detention of the plaintiff under due process of law. A complaint made to a court of competent jurisdiction in the regular course of justice, and containing no impertinent allegations, is not deemed an actionable libel. *Kidder* v. *Parkhurst*, 3 Allen, 393. Nor is the complainant or his principal liable for the arrest and detention of the person complained of, save in the case of a malicious prosecution; and in that case damages for the arrest and deten-

tion are recoverable only as elements of the general damages, and not independently. *Barker* v. *Stetson,* 7 Gray, 53. *Coupal* v. *Ward,* 106 Mass. 289. *Mullen* v. *Brown,* 138 Mass. 114. *Langford* v. *Boston & Albany Railroad,* 144 Mass. 431.

We need not inquire whether the plaintiff should have been made to elect as to which defendant she would proceed against upon the count for malicious prosecution. See *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487. Her conviction in the police court conclusively established the fact that the prosecution was instituted with probable cause. *Dennehey* v. *Woodsum,* 100 Mass. 195, 197. This defeated her action, and she was harmed neither by her discontinuance as to one defendant, nor by the ordering of the verdict against her in favor of the other defendant.

*Exceptions overruled.*