MORRIS MOSCOT *vs.* FRANK RIDLON COMPANY.

Suffolk.    November 18, 1913. — November 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Abuse of Civil Process.    Malicious Attachment.*

In an action for an alleged abuse of civil process by the malicious bringing of an action of contract against the plaintiff and making an attachment therein, whereby the plaintiff was injured in his business, the plaintiff may recover if he shows that the defendant instituted the action against him maliciously and without probable cause and that the action terminated in the plaintiff's favor; and malice may be inferred from want of probable cause.

TORT for an alleged abuse of civil process in the malicious prosecution of an action of contract brought by the defendant against the plaintiff, in which the plaintiff's property was attached and he was injured in his business. Writ in the Municipal Court of the City of Boston dated February 19, 1910.

On appeal to the Superior Court the case was tried before *Hitchcock*, J. It appeared that the plaintiff was engaged in a shoe repairing and shoe polishing business at 511 Tremont Street in Boston, that a second hand motor which supplied the power for the machines was out of order, and that the plaintiff employed the defendant to repair this motor and to install and connect it with the machines in the plaintiff's shop. The plaintiff testified that the defendant required him to pay for the work in advance and said that the charge would be $30, and that, upon the pay-

ment of this sum by the plaintiff, the defendant gave him a receipt for $30 stated to be for "Repairs on 3HP. Sprague Motor, setting up and connecting same, cutting off shaftings and babbitting hangers, and setting up same." When the work was completed, the defendant sent the plaintiff a second bill containing a charge of $32.65 for "wiring motor." This the plaintiff refused to pay, declaring that he had paid for the work in full. The plaintiff testified that he did not write English and that his son wrote a letter for him to the defendant in English, and that the plaintiff's son read it to the plaintiff before it was mailed. Subject to the defendant's exception, the plaintiff was allowed to testify to the contents of this letter. Later in the trial the plaintiff's son was called by the plaintiff as a witness in rebuttal, and testified that at his father's request he sent a letter to the defendant, which his father dictated, that it was addressed to the defendant postpaid, and that the substance of that letter was in reference to a bill that the defendant was claiming from the plaintiff, saying that it would be unjust to collect an extra amount on the bill when he had a receipted bill for it. There was evidence that about a month later the defendant brought an action against the plaintiff for the balance alleged to be due on the bill, and attached and removed $250 worth of property from the plaintiff's shop, so that the plaintiff was obliged to discontinue his business, and that judgment was entered in that action for the defendant, who was the plaintiff in this action.

At the close of the evidence the defendant asked the judge to order a verdict for it. This the judge refused to do, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $750. The defendant alleged exceptions relating to the rulings stated above, besides exceptions on other matters which were treated as waived because not argued.

The case was submitted on briefs.

*J. B. Jacobs & P. W. Jacobs,* for the defendant.

*R. L. Sisk & E. J. Coughlin,* for the plaintiff.

HAMMOND, J. This is an action to recover damages for a malicious action. The burden was upon the plaintiff to show that the defendant had instituted the action against him maliciously and without probable cause and that the action had been terminated in his favor.

There was no dispute that the original action was brought by the defendant and that after a trial upon the merits it was terminated in favor of the plaintiff. And while the evidence as to the want of probable cause and malice was conflicting and a verdict in favor of the defendant reasonably might have been anticipated, still the jury would have been justified in finding that the first bill was for the whole work, that it was so represented by the defendant to the plaintiff, and that the plaintiff so understood and had the right so to understand at the time he paid it, and that whether or not this state of things was due to some mistake on the part of the defendant's agents or servants, still the defendant had no valid claim against the plaintiff for the second bill, that the defendant knew this and so knowing brought the action upon it, and with the hope of forcing the plaintiff to pay used somewhat drastic measures in its prosecution. Upon such findings of fact want of probable cause could have been found. Malice may be inferred from want of probable cause. *Ripley* v. *McBarron,* 125 Mass. 272. The case was properly submitted to the jury.

If there was any error in the admission of the contents of the letter alleged to have been sent by the plaintiff to the defendant, it was cured by the subsequent testimony of Albert Moscot, the son of the plaintiff. The other exceptions are not argued on the defendant's brief, and in view of their nature we consider them waived.

*Exceptions overruled.*