NORMAN F. KELSEA *vs.* RALPH W. SWETT.

SAME *vs.* WILLIAM B. SWETT.

Bristol.     October 27, 1919.— November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Malicious Prosecution.   Evidence,* Of malice, Presumptions and burden of proof.
   *Practice, Civil,* Conduct of trial: requests and rulings.

At the trial of an action for malicious prosecution, it appeared that the defendant
   had prosecuted his own brother for breaking and entering and larceny of certain
   goods and that, after the brother had pleaded guilty and had been convicted,
   the defendant had instituted against the plaintiff a complaint for receiving the
   stolen goods.   The defendant was asked what reason he had for thinking that
   the plaintiff knew that the goods had been stolen, and answered, "Why, the
   way Mrs. N had told me, and that I wanted to get my goods back, and she had
   told me how this automobile came just about dusk and how they were carried
   out of the window, and when I heard . . . those fellows were there, why, it
   looked kind of funny."   *Held,* that it was not necessary to find from the
   foregoing answer as a matter of law that the defendant's sole motive in insti-
   tuting proceedings against the plaintiff was to get his property back.
It therefore was proper, in the action above described, to refuse to rule as matter
   of law that, "if the defendant instituted or was a party to instituting the criminal
   proceedings against the plaintiff for the purpose of using such criminal proceed-
   ings as a means of securing a return of the property, it is conclusive evidence of
   malice."
A request for a ruling that on all the evidence a verdict should be ordered for the
   plaintiff must be refused in an action of tort for malicious prosecution where
   the existence of malice is in issue.

TWO ACTIONS OF TORT for malicious prosecution, as described in the opinion.   Writs dated November 28, 1917.

In the Superior Court the actions were tried together before *Raymond,* J.   Besides the evidence described in the opinion, it appeared that, before the defendant Ralph W. Swett instituted against the plaintiff the criminal proceedings complained of, he had prosecuted proceedings for breaking and entering and lar- ceny of the same goods against his own brother Frank, and his brother Frank had pleaded guilty and had been convicted.

Other material evidence is described in the opinion. At the close of the evidence, the plaintiff moved that a verdict be ordered for the plaintiff, and, the motion being denied, asked for the following rulings:

"1. On all the evidence a verdict must be directed for the plaintiff.

"2. If the defendant instituted or was a party to instituting the criminal proceedings against the plaintiff with the purpose of using such criminal proceedings as a means of securing a return of the property, it is conclusive evidence of malice."

The judge denied the first request. He gave the second ruling requested, omitting the word "conclusive." The plaintiff excepted to the refusal to give the first request in the first action and in both actions to the refusal to give the second ruling in terms. There were verdicts for the defendants; and the plaintiff alleged exceptions.

*H. F. Parker*, for the plaintiff.

*R. C. Estes & J. G. Moran*, for the defendants, were not called upon.

CROSBY, J. These are actions for malicious prosecution. The plaintiff was arrested on two charges against him for receiving stolen property knowing it to have been stolen, preferred by the defendant Ralph W. Swett, and after trial by a court of competent jurisdiction, was acquitted.

The plaintiff sought to charge the defendant William B. Swett, who is the father of Ralph, with liability on the ground that Ralph, in making the complaints, acted as the agent of his father. The jury found for the defendants, and the cases are before us on exceptions taken by the plaintiff to the refusal of the presiding judge to give two rulings.

There was evidence to show that a part of the property in question belonged to the defendant William B. Swett and the remainder to his wife; that it all was situated in a dwelling house in Mansfield and was stolen by one Frank Swett, another son of William, who sold it to the plaintiff, and that the latter removed it from the house. The record shows that Ralph instituted a complaint against his brother Frank for breaking and entering the dwelling house and stealing therefrom some of the property so purchased by the plaintiff; to that charge Frank pleaded guilty.

The plaintiff's second request for a ruling in each case was that, "If the defendant instituted or was a party to instituting the criminal proceedings against the plaintiff with the purpose of using such criminal proceedings as a means of securing a return of the property, it is conclusive evidence of malice."

The plaintiff contends that he was entitled to this ruling because of a question put to the defendant Ralph W. Swett in his direct examination and his answer thereto, namely: "Q. 'What reason have you to think that Mr. Kelsea knew that these goods had been stolen?' A. 'Why, the way Mrs. Noonan had told me, and that I wanted to get my goods back, and she had told me how this automobile came just about dusk and how they were carried out of the window, and when I heard Bryant and those fellows were there, why, it looked kind of funny.'" The statement in the answer that the defendant wanted to get his goods back cannot be construed as matter of law as an admission that his only motive in instituting the complaints was to enable him to regain possession of his property. This part of the answer was wholly irresponsive to the question, but, giving it full consideration, it amounted to no more than the expression of a natural and proper desire on the part of one whose goods had been stolen to recover them. The question did not call for an answer as to his motive in instituting the prosecution. If the jury found he was actuated by a desire to get his property back, they were not bound to find that that was his only motive for proceeding against the plaintiff, but that he had the further purpose of vindicating justice and protecting the community from crime; it appeared that he had previously instituted the proceedings against his brother for breaking and entering and stealing a part of the property purchased by the plaintiff.

The plaintiff's second request was rightly refused; and the instruction given, that, if the proceedings were instituted as a means of securing the return of the property, it was evidence of malice, was sufficiently favorable to the plaintiff. *Burnham* v. *Collateral Loan Co.* 179 Mass. 268. *White* v. *Apsley Rubber Co.* 194 Mass. 97. *Casavan* v. *Sage,* 201 Mass. 547.

The request that on all the evidence a verdict must be directed for the plaintiff could not properly have been given in either case; the burden rested upon the plaintiff to prove affirmatively

that the criminal proceedings were instituted against him maliciously and without probable cause; these were questions of fact to be determined by the jury. The instructions upon these issues are not before us, and we must assume that they were correct and sufficient. *Ellis* v. *Simonds,* 168 Mass. 316. *Griffin* v. *Dearborn,* 210 Mass. 308. *Moscot* v. *Frank Ridlon Co.* 216 Mass. 193. *Malone* v. *Belcher,* 216 Mass. 209.

*Exceptions overruled.*