HARRY WITHAM *vs.* GREGORY AND READ COMPANY.
JOSEPH LEGASSE *vs.* SAME.

Essex.   January 18, 1923. — January 22, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Malicious Prosecution. False Arrest. Evidence,* Presumptions and burden of proof, Inference.

At the trial of an action for malicious prosecution and false arrest brought by the business agent of a shoe workers' union in Lynn against a shoe manufacturer in Framingham, there was evidence tending to show that on a June 4 the plaintiff went to Framingham, walked by the defendant's factory and talked on the public highway with some of the workmen employed by the defendant; that one of the workmen told the Framingham police of the presence of the plaintiff and that he was interfering with the defendant's employees; that a police officer in the presence of the defendant's superintendent of production, who knew the plaintiff, questioned the plaintiff at the railway station; that at the officer's request the plaintiff went to the police station; that the superintendent followed them to the police station, where the plaintiff was questioned in his presence by the chief of police; that the superintendent and the chief of police had a conversation, as to the substance of which there was no evidence, and then the chief of police arrested the plaintiff and he was charged by the police officer with vagrancy, upon which he later was tried, found not guilty and discharged. *Held,* that

(1) Neither of the employees of the defendant was shown to have had any authority to act in behalf of the defendant in causing the arrest and prosecution of the plaintiff;

(2) There was nothing in the record to warrant the inference that the police did not act entirely on their own judgment and in the performance of their duties as public officers in making the arrests and the complaints;

(3) A verdict for the plaintiff was not warranted.

Two ACTIONS OF TORT for false arrest and malicious prosecution. Writs dated September 27, 1917.

In the Superior Court, the actions were tried together before *N. P. Brown*, J. Material evidence is described in the opinion. At the close of the plaintiffs' evidence by order of the judge, upon motion by the defendant, the jury returned a verdict for the defendant in each action; and the plaintiffs alleged exceptions.

The case was submitted on briefs.

*E. J. Coughlin & E. C. Jacobs*, for the plaintiffs.

*H. F. Hurlburt, B. B. Jones & D. E. Hall*, for the defendant.

BY THE COURT. These are actions for false arrest and malicious prosecution. The plaintiffs were arrested on the charge of vagrancy by the chief of police of the town of Framingham, tried upon complaints signed and sworn to by a police officer of that town, and discharged after trial in the District Court. There was evidence tending to show that the plaintiffs, both residents of Lynn and members of a shoe workers' union in Lynn, one being business agent and the other shop collector, went late on a June afternoon by train from Boston to Framingham, where there was a shop of the defendant, past which they walked, and one of them on a public way talked with some employees of the defendant as they were leaving work. One of these, a shoe worker in the defendant's factory, told the Framingham police of the presence of the plaintiffs and that they were interfering with the help of the defendant. Later a police officer at the railroad station, in the presence of one of the superintendents of the defendant who had charge of the production at its Framingham shop, asked the plaintiffs to go to the police station, the superintendent following them and saying there to the chief of police that one of the plaintiffs "had tried to put something over, but they had him with the goods." There the plaintiffs were questioned by the chief of police and, when one of the plaintiffs remarked to the other that he hoped they would not be detained so that they could not get their train, the superintendent said, "That won't get you anything." Both of the plaintiffs knew the superintendent, one having worked in a factory of the defendant in Lynn, and one of them referred the chief of police to him as one who knew all about them. The chief of police talked with the superintendent, but there was no evidence as to the conversation.

There is no evidence to warrant a verdict in favor of the plaintiffs.  *Brown* v. *Wimpenny,* 239 Mass. 278.

The burden of proof was upon the plaintiffs to show that their arrest and trial were caused by an agent or agents of the defendant acting in its behalf within the scope of their authority.  *Moscot* v. *Frank Ridlon Co.* 216 Mass. 193.  *Mason* v. *Jacot,* 235 Mass. 521, 525.  The record discloses no evidence to support this burden. Neither of the employees of the defendant is shown to have had any authority to act in behalf of the defendant in causing the arrest and prosecution of the plaintiffs.  *Tolchester Beach Improvement Co.* v. *Steinmeier,* 72 Md. 313.  *Porter* v. *Chicago, Rock Island & Pacific Railway,* 41 Iowa, 358.  *Allen* v. *London & South Western Railway,* L. R. 6 Q. B. 65.  *Abrahams* v. *Deakin,* [1891] 1 Q. B. 516.  *Govaski* v. *Downey,* 100 Mich. 429.  See *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573, and cases collected at page 477.

There is nothing in this record to warrant the inference that the police did not act entirely on their own judgment and in the performance of their duties as public officers in making the arrests and the complaints.  *Zinkfein* v. *W. T. Grant Co.* 236 Mass. 228, 232, and cases cited.  *Healey* v. *Lothrop,* 171 Mass. 263.  *Jean* v. *Cawley,* 218 Mass. 271, 276.

*Exceptions overruled.*