LIONEL HENRIQUES *vs.* FRANKLIN MOTOR CAR COMPANY.

Suffolk.     March 23, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Scope of authority, Ratification.

It is not within the ostensible authority of a salesman of a corporation to institute criminal proceedings under G. L. c. 266, § 87, against one whom he charges with concealing personal property bought upon a contract of conditional sale; and evidence, merely showing that, after he had made such a criminal complaint, that fact became known to the treasurer of the corporation, who did nothing to end the prosecution, does not go far enough to show authority in the salesman or ratification by the corporation.

TORT for malicious prosecution. Writ dated December 5, 1923.

In the Superior Court, the action was tried before *Quinn,* J. Material evidence is stated in the opinion. By order of the judge, a verdict was entered for the defendant. The judge then reported the action to this court for determination.

*G. L. Ellsworth,* (*M. M. McChesney* with him,) for the plaintiff.

*J. H. Powers,* for the defendant.

WAIT, J. The burden is upon the plaintiff, who seeks recovery against a corporation for alleged tortious conduct of its servant, to show that the servant was acting on its behalf and by its authority. If the act complained of is done in the course of the ordinary work of the servant and is within the ostensible authority of one performing such

work, the burden is sustained by showing what was done, *Mills* v. *W. T. Grant Co.* 233 Mass. 140; but if it is not, something more must be given in evidence before the plaintiff is entitled to have his case presented to a jury. *Witham* v. *Gregory & Read Co.* 243 Mass. 595.

In the case before us a salesman of the defendant corporation instituted criminal proceedings under the statute, now G: L. c. 266, § 87, against the plaintiff for concealing personal property bought upon a contract of conditional sale. Such action is manifestly not within the ostensible scope of the authority of a salesman. Evidence that after complaint had been made, the fact became known to the treasurer of the corporation and that he did nothing to end the prosecution, does not go far enough to show authority in the salesman or ratification by the corporation.

There was not sufficient evidence of authorization or of ratification to render the defendant liable. The judge was right in directing a verdict for the defendant; and, in accord with the terms of the report, the entry must be

*Judgment on the verdict.*