JOSEPH JORDAN *vs.* C. I. T. CORPORATION.

SAME *vs.* LEONARD M. PIKE.

Suffolk.    November 7, 1938. — February 1, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*False Arrest. Agency,* What constitutes. *Officer. Damages,* For tort.

A finding that an arrest on supplementary process was made by a constable employed by an attorney representing a corporation would not have been warranted on evidence merely that the attorney for the payee of a promissory note, payable at the office of the corporation and indorsed by the payee to the corporation, for years had acted for the corporation only in matters entrusted to him by it; that the payee had sent the note to the attorney for collection; and that the attorney, without communication from or to the corporation, brought an action in its name against the maker of the note, procured execution, made affidavit in supplementary process and caused the arrest.

In an action against a constable for false imprisonment, where it appeared that the defendant had acted under a capias lawfully issued in supplementary process, that he had arrested the wrong man and had brought him before a judge who committed him for failure to furnish a bond, the plaintiff's damages properly were limited to the period ending with the order of commitment.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated November 15, 1933.

The actions were tried together before *Donahue,* J., who ordered a verdict for the defendant in the first action.    In the second action there was a verdict for the plaintiff in the sum of $500.    The plaintiff alleged exceptions.

*B. J. Killion,* for the plaintiff.

*Lee M. Friedman,* (*L. B. King* with him,) for the defendants.

RONAN, J.    Salvatore Giordano, who had at times been called Sam Jordan, and is the eldest son of the plaintiff, purchased an automobile in 1932 from the Boston Hupmobile Company, Inc., hereinafter called the company, giving in part payment his promissory note, payable in monthly instalments.    This note contained the recital that it was

"Negotiable and payable at the office of C. I. T. Corporation with exchange," and gave the address of the maker as 14 East Cottage Street, Boston, which was the address of the plaintiff. Salvatore Giordano was then living in Somerville where he worked as a barber; he had not lived with his father for four or five years. After making two payments on this note to C. I. T. Corporation, herein referred to as the corporation, he notified the corporation that he was unable to make any further payments and asked it to take the automobile. The automobile was taken but there is nothing in the record to show by whom this was done.

A firm of attorneys, who for a number of years had represented the company, brought suit on this note in the name of the corporation against Salvatore Giordano and recovered a judgment by default. The execution that issued on this judgment was filed by one of these attorneys in the Municipal Court of the Roxbury District of the City of Boston. The attorney made a written application under G. L. (Ter. Ed.) c. 224, § 6, for an order of notice requiring Salvatore Giordano to appear and submit to an examination of his property. The application stated that the company had obtained a judgment against Giordano that was unsatisfied. The caption of the order of notice which was served at the above address and the first and second capias were each entitled "C. I. T. Corporation *v.* Salvatore Giordano." The defendant Pike, who was a constable and had been given the capias to serve, hesitated to arrest the plaintiff when the latter informed him that he was not the judgment debtor and showed him his barber's permit and the plate on the cash register, each of which bore the plaintiff's name. Later, a salesman of the company who had sold the car to Salvatore Giordano told the constable, Pike, that the plaintiff was the purchaser, and the defendant Pike on July 14, 1933, arrested the plaintiff and conducted him to the court. The judge continued the case for a week. The plaintiff declined to appear voluntarily on the date to which the case had been continued and upon his failure to recognize with sufficient surety in the sum of $200 for his appearance on the said date, he was committed to jail

where he remained until the next morning. He was then released upon giving bond. He was discharged upon the supplementary proceedings on September 28, 1933.

The plaintiff brought these two actions for false imprisonment. The judge directed a verdict for the defendant in the action against the corporation. The jury returned a verdict for the plaintiff in the second action in the sum of $500. The jury also found that the plaintiff was entitled to an additional sum of $1,000 if his damages were computed from the time he was committed to jail until he was discharged upon the supplementary process. The plaintiff excepted to the direction of a verdict for the corporate defendant, and also to the ruling of the judge in the second action limiting damages to those sustained by the plaintiff up to the time he was ordered committed to jail.

We first consider the action against the corporation. There was evidence that the company sent this claim against Salvatore Giordano, together with twenty or twenty-five other accounts, for collection to its attorneys. The attorneys recovered judgment, and upon receiving instructions from the company they brought supplementary proceedings. The expenses of the suit and proceedings were charged by the attorneys to the company and paid by the latter. These same attorneys had for several years represented the corporation in various suits in many courts of the Commonwealth, but since 1924 they had acted for the corporation only in such matters as were entrusted to them by the corporation. There were no communications between them and the corporation concerning the original suit or the supplementary proceedings and there is nothing in the record to show that the corporation ever had any knowledge of either before the commencement of the present action. The relationship of attorney and client was not shown to exist between these attorneys and the corporation in regard to the litigation that culminated in the arrest of the plaintiff. *Brewer* v. *Holmes*, 1 Met. 288. *Bodurtha* v. *Goodrich*, 3 Gray, 508. *Hanzes* v. *Flavio*, 234 Mass. 320. The plaintiff failed to sustain the burden of showing that his arrest was caused by an agent of the corporation acting within the

scope of his employment. *Brown* v. *Boston Ice Co.* 178 Mass. 108. *Witham* v. *Gregory & Read Co.* 243 Mass. 595. *Henriques* v. *Franklin Motor Car Co.* 260 Mass. 518.

The note had been indorsed by the company to the corporation, but whether it had any interest in the note at the time of the suit in the District Court did not appear. Evidently, the note was given by the attorneys for the company to the clerk of the District Court in order that judgment might be entered and execution issue. There was no evidence that the company was acting as agent of the corporation or that it was owned or controlled by the latter. *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association*, 211 Mass. 398. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. The plaintiff showed no connection of the corporation with the proceedings other than that it was a nominal party. The corporation in the absence of knowledge, consent or ratification could not be found to be a real party to the proceedings. *Rondina* v. *Employers' Liability Assurance Corp. Ltd.* 286 Mass. 209. *Leonardo* v. *DeVellis*, 292 Mass. 239.

There was no error in excluding evidence that these attorneys had acted for the corporation on various occasions in many different courts. This evidence was merely cumulative, if material. *Morrison* v. *Lawrence*, 186 Mass. 456. The offer to show that one of these attorneys informed the plaintiff that a mistake had been made and he wanted to know how he could "square" the matter was rightly excluded. There was no evidence to show that the attorney was acting for the corporation. For the same reason the corporation was not responsible for the acts of the constable who had been selected by these attorneys.

There was no error in the conduct of the trial in the action against Pike. The process for the arrest of the judgment debtor, having been issued by a court of competent jurisdiction and appearing upon its face to be valid, would justify the defendant Pike in acting within the authority it purported to confer upon him. *Sanford* v. *Nichols*, 13 Mass. 286. *O'Shaughnessy* v. *Baxter*, 121 Mass. 515. If the officer apprehends a person other than the one named

in the precept, then he acts without justification and is guilty of a trespass. *Nichols* v. *Thomas,* 4 Mass. 232. *Aaron* v. *Alexander,* 3 Camp. 35. *Walley* v. *M'Connell,* 13 Ad. & El. (N. S.) 903. *West* v. *Cabell,* 153 U. S. 78. The defendant Pike was acting without right in arresting the plaintiff and is liable in damages. The plaintiff contends that he is entitled to all damages sustained from the time he was arrested until he was finally discharged by order of the court. The plaintiff's action is for false imprisonment and not for malicious prosecution. *Morrow* v. *Wheeler & Wilson Manuf. Co.* 165 Mass. 349. *Black* v. *Buckingham,* 174 Mass. 102. It is well settled that one who procures the arrest of a person upon a lawful warrant in order to enforce the payment of a debt is not liable for false imprisonment. *Coupal* v. *Ward,* 106 Mass. 289. *Mullen* v. *Brown,* 138 Mass. 114. *Langford* v. *Boston & Albany Railroad,* 144 Mass. 431. *MacLean* v. *Naumkeag Trust Co.* 268 Mass. 437. The validity of the process by virtue of which the plaintiff was committed to jail has not been challenged and his subsequent detention did not constitute false imprisonment. His incarceration resulted from an order of the court and Pike thereafter did not exercise any restraint upon him. The judge was right in limiting the damages to the period ending with the order of the court committing the plaintiff for failure to furnish surety for his further appearance. *Lock* v. *Ashton,* 18 L. J. Q. B. (N. S.) 76. *Holtum* v. *Lotun,* 6 C. & P. 726. *Austin* v. *Dowling,* L. R. 5 C. P. 534. *Bank of Cottonwood* v. *Hood,* 227 Ala. 237. *McCullough* v. *Greenfield,* 133 Mich. 463.

Nothing herein decided is contrary to *Karjavainen* v. *Buswell,* 289 Mass. 419, as G. L. (Ter. Ed.) c. 123, § 79, was there properly held to be strictly construed in view of G. L. (Ter. Ed.) c. 123, § 110, making it an offence for a physician wilfully to conspire with another for the purpose of committing a sane person to an institution for the insane.

*Exceptions overruled.*