## THOMAS T. DOGGETT *vs.* JAMES R. HOOPER.

Norfolk.    April 2, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*False Imprisonment. Municipal Corporations*, Town meeting, Moderator. *Dedham. Words*, "Disorderly behavior."

It was within the power given to a moderator of a town meeting by G. L. (Ter. Ed.) c. 39, § 17, to order a person persisting in addressing the meeting without his leave to be silent, and further persistence in speaking was "disorderly behavior" within the statutory provision empowering the moderator to order him to withdraw and, on his not doing so, to order him confined.

An arrest ordered by a moderator of a town meeting in good faith and within his statutory powers did not furnish the basis for an action for false imprisonment.

The expressed judgment of a moderator of a town meeting as to a question of order under G. L. (Ter. Ed.) c. 39, § 15, made in good faith, is not subject to review by a court, even if mistaken.

The powers given to a moderator of a town meeting by G. L. (Ter. Ed.) c. 39, §§ 15, 17, were not affected by the adoption of a representative form of town meeting upon acceptance by the town of Dedham of St. 1926, c. 358.

TORT.   Writ in the Superior Court dated August 10, 1934. The action was tried before *Good*, J.

*E. M. Dangel*, (*A. O. Shallna & L. E. Sherry* with him,) for the plaintiff.

*J. G. Palfrey & G. B. Rowell*, (*J. E. Rogerson* with them,) for the defendant.

RONAN, J.   The plaintiff sues in tort for false imprisonment, because, by order of the defendant that he withdraw from a town meeting in Dedham on April 4, 1934, he was confined in a separate room for an hour and until the meeting had adjourned, as the result of the action of the defendant, the town moderator at said meeting. The case was referred to an auditor, and was later tried upon the

auditor's report together with other evidence before a jury, who returned a verdict for the defendant. The case is here on the plaintiff's exceptions to certain portions of the instructions given to the jury.

The record contains certain testimony of the plaintiff, and the parties instead of setting forth the testimony of the defendant and his witnesses agreed that the case was properly submitted to the jury. There was evidence that upon the opening of the meeting the plaintiff rose from his chair, addressed the defendant seeking permission to speak upon a question of personal privilege, and came to the front of the hall. He complained that the defendant at the preceding meeting had prevented him from completing his remarks on three occasions by allowing the previous question to be raised. He asked the defendant under what rules he was conducting the meeting. The defendant referred to a by-law. The plaintiff continued to talk concerning parliamentary rules and wished to read from a book which he held in his hand. The defendant ruled him out of order and requested him to be seated. The plaintiff kept on talking. The defendant again told him to be seated but the plaintiff continued to talk. The defendant then told him to be seated or leave the hall. The plaintiff stated that if he could not have his rights he might as well leave and went back to his chair and picked up his hat and some papers. He kept on talking. The defendant told him that if he said another word he would have him removed and confined. Thereupon the plaintiff in a sharp, irritating tone said, "Thank you, sir." The defendant then ordered an officer to remove the plaintiff from the hall. The plaintiff followed the officer out of the hall and went with him to a room in the school department, where he stayed for an hour. The officer refused to let him go any sooner. The auditor found that the plaintiff addressed the meeting without leave; that he was not silent at the request of the moderator; that he did not withdraw from the meeting after having been ordered to do so by the moderator; and that he was guilty of disorderly behavior in the sense that his conduct did not comply with the rules estab-

lished by the moderator for conducting the meeting. He found for the defendant.

The judge instructed the jury, in substance, that mistakes of judgment made by a moderator that do not result from wilful, wanton, malicious or dishonest conduct are not reversible by a court; that it is the duty of the moderator to determine all questions of order; that a person is disorderly at a town meeting if he fails to observe the rules or refuses to comply with constituted authority or if he takes exception to the order of the moderator; and that the plaintiff was disorderly as he had been ruled out of order. He left to the jury the question whether the plaintiff failed to withdraw from the meeting after he had been ordered to do so by the moderator, and instructed them that it was only in that event that the moderator had a right to order the plaintiff to be removed and confined.

The powers and duties of a moderator have been fixed by law for more than two centuries. The statutes in their present form are set forth in G. L. (Ter. Ed.) c. 39, §§ 15 and 17. Section 15, in so far as material, provides that the "moderator shall preside and regulate the proceedings, decide all questions of order, and make public declaration of all votes." Section 17 reads as follows: "No person shall address a town meeting without leave of the moderator, and all persons shall, at the request of the moderator, be silent. If a person, after warning from the moderator, persists in disorderly behavior, the moderator may order him to withdraw from the meeting, and, if he does not withdraw, may order a constable or any other person to remove him and confine him in some convenient place until the meeting is adjourned." The original statute, St. 1715, c. 22, provided for the imposition of a penalty upon one who spoke without leave or when another was properly addressing the meeting or who refused to be silent upon the request of the moderator, and persistence in such conduct empowered the moderator to order him to leave the meeting and disobedience of the order was punished by a forfeiture of a certain sum. The disobedience of such an order was, by St. 1785, c. 75, § 6, made punishable by confinement for

three hours unless the meeting was sooner adjourned.  Both
these statutes and their successors specially enjoined one
from speaking without permission and from interfering with
another who had the right to speak, and required him to
be silent at the request of the moderator.  A breach of the
statute in the respects last mentioned has not carried any
penalty since Rev. Sts. (1836) c. 15, § 29, but persistence
in such conduct has since the original enactment subjected
one to expulsion and, since 1785, to the danger of being
confined until the meeting was finished.  The various codi-
fications and amendments in these statutes have wrought
no substantial changes in the matters now in question.
Mere verbal changes in the revision of a statute are not
generally deemed to alter its meaning and a statute as
revised is usually considered as a continuation of the pre-
vious law.  *Commonwealth* v. *Welosky,* 276 Mass. 398.  *Neiss*
v. *Burwen,* 287 Mass. 82.  *Liggett Drug Co. Inc.* v. *License
Commissioners of North Adams,* 296 Mass. 41.  The legis-
lative history shows that certain conduct defined today sub-
stantially as it was in the beginning is prohibited and that
the continuance of such conduct warrants an order of with-
drawal which, if not heeded, will result in the confinement
of the one disobeying the order.  It is clear that persistence
in the proscribed conduct and the failure to withdraw from
the meeting upon the order of the moderator make the
offender amenable to confinement.

"Disorderly behavior" are ordinary words in general use.
Their meaning, however, is neither rigid nor inflexible but
depends upon the subject matter to which they relate, the
context in which they are employed and the purpose sought
to be accomplished by their use.  *Commonwealth* v. *Hoxey,*
16 Mass. 385.  *Commonwealth* v. *Porter,* 1 Gray, 476.  *People*
v. *Malone,* 156 App. Div. (N. Y.) 10.  *State* v. *Mancini,*
91 Vt. 507.  Both the legislative history of the statute and
the enumeration of specific acts that are forbidden indicate
that the statute was intended to prevent a continuance of
such specific acts after a warning from the moderator to
cease.  *Commonwealth* v. *Tay,* 170 Mass. 192.  *People* v.
*Galpern,* 259 N. Y. 279.  The judge was right in instructing

the jury that under the statute the plaintiff was disorderly if he failed to observe the ruling of the moderator on a question of order. The evidence of the plaintiff himself brought his conduct within the terms of the statute, and the jury, in view of the instructions, must have found that the plaintiff did not withdraw from the meeting. The defendant was accordingly empowered to have him removed and confined. The confinement of the plaintiff, having been authorized by law, did not furnish the basis for an action for false imprisonment. An arrest warranted by law is not false imprisonment. *Coupal* v. *Ward*, 106 Mass. 289. *Mullen* v. *Brown*, 138 Mass. 114. *Langford* v. *Boston & Albany Railroad*, 144 Mass. 431. *MacLean* v. *Naumkeag Trust Co.* 268 Mass. 437. *Jordan* v. *C. I. T. Corp.* 302 Mass. 281.

It is clear that, in stating that the judgment of the moderator if made in good faith, even if mistaken, was not subject to review by the court, the judge was referring to the authority and duty of the moderator to decide questions of order. In this there was no error. The moderator was empowered by the statute to decide such questions and, the Legislature having entrusted the determination to such an officer, the court, where as here his action was neither malicious nor dishonest, cannot substitute its judgment for his. *Kingman* v. *County Commissioners*, 6 Cush. 306. *Filoon* v. *City Council of Brockton*, 252 Mass. 218. *Morley* v. *Police Commissioner of Boston*, 261 Mass. 269. *Stockus* v. *Boston Housing Authority*, 304 Mass. 507. We are not concerned with the expediency and wisdom of the act of the defendant in ordering the plaintiff to withdraw from the meeting, as the jury found under proper instructions that the defendant did not transcend his authority. *Commonwealth* v. *Flax*, 259 Mass. 117. *People* v. *Galpern*, 259 N. Y. 279.

The statutory power given to a moderator to preside at a town meeting and to preserve order was not, in any respect here material, affected by the adoption of the representative form of town meeting upon the acceptance of St. 1926, c. 358, by the town of Dedham. Section 6 of this chapter expressly provides that the moderator "shall serve as moderator of all town meetings, except as otherwise provided by law." The

power to serve carries with it the authority to exercise the usual rights possessed by one occupying such a position, *Fluet* v. *McCabe*, 299 Mass. 173, the duties of which have in the course of years been well and generally known and understood. *Wheeler* v. *Carter*, 180 Mass. 382, 386. *Wood* v. *Milton*, 197 Mass. 531, 533. *Ogden* v. *Selectmen of Freetown*, 258 Mass. 139, 141.

*Exceptions overruled.*