*Southern Division*

### JOHN S. FRADE
v.
### EUGENE M. COSTA ET ALI

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Horrocks, J.* in the Third Bristol District Court. No. 8670.

*Cox, J.* This case is before us on a report established by this Appellate Division. It is an action for false arrest and imprisonment in which there was a finding for the defendants. The plaintiff, when arrested by a police

officer of the city of New Bedford in September 1957, was on land of the defendants Costa over which he claimed a right of way by prescription. *There was evidence that* the plaintiff and members of his family, as well as their predecessors in title, had used this way for access to their land which adjoined the Costa land in the city of New Bedford. It is not necessary to describe the several parcels of land nor consider the plaintiff's claim of a right of way by prescription over the Costa's land, nor the defendants' claim that such use had been merely permissive, because, aside from those considerations, the plaintiff cannot prevail in this action.

The Costas moved a building which they later converted into a dwelling to a point near the right of way. In 1957 they constructed another way and requested its use by the Frades instead of the former way. The Frades used both ways to their land but refused to stop using the old way for fear of losing their asserted prescriptive rights, unless the Costas formally granted a right over the new way. Such a grant was not forthcoming.

In September of 1957 the defendants caused the plaintiff to be arrested while travelling over the way in controversy. The Costas' attorney, the defendant Dinis, caused trespass notices to be served on the Frades and on the local police who were instructed to be present to stop and arrest the Frades. The plaintiff after his arrest was taken to the police station in a patrol wagon. He ap-

peared before the District Court, was found guilty and fined $10.00. He appealed to the Superior Court where the case against him was *nol prossed* by the District Attorney.

There is nothing reported to indicate that any of the defendants took any part in the arrest of the plaintiff beyond procuring the presence of the police.

The plaintiff filed 10 requests for rulings. Six of them, Nos. 5-10 inclusive, relate to the plaintiff's claim to a right of way by prescription and need not be considered as they are inconsequential, although the judge found that the use of the way had not been adverse but only permissive. The first four requests which the judge denied because not according to facts as found, are as follows:

1. An attorney who procures, directs, or participates in an unlawful arrest or detention is liable therefor.
2. That an agent acts pursuant to authority from his principal does not excuse him from liability for a wrongful arrest.
3. An individual who directs or requests a peace officer to make an arrest which turns out to be illegal will be liable in the same manner as if he had made the arrest himself, however pure his motives may have been.
4. Generally, all those who participate in or legally cause an unlawful detention are joint tort-feasors.

The judge made detailed special findings, which so far as material, may be summarized

as follows: On September 10, 1927 the Costas, by their attorney, the defendant Dinis, caused a notice not to trespass to be served on the plaintiff and a copy of the same was served on the police; that on September 11, 1957 the plaintiff deliberately and admittedly for the purpose of making a test case, entered the way in violation of the notice and was arrested by a police officer who was present; that the plaintiff was in fact a trespasser, was lawfully arrested and was not subject to false arrest or imprisonment. There was evidence to support the findings. We see no error in the denial of the requested rulings, nor in the finding for the defendants.

G. L. (Ter. Ed.) c. 266, §120 is as follows:

"Whoever, without right, enters or remains in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf or pier of another, after having been forbidden so to do by the person who has the lawful control of said premises, either directly or by notice posted thereon, shall be punished by a fine of not more than twenty dollars. A person who is found committing such trespass may be arrested by a sheriff, deputy sheriff, constable or police officer and kept in custody in a convenient place, not more than twenty-four hours, Sunday excepted, until a complaint can be made against him for the offence, and he be taken upon a warrant issued upon such complaint."

█ It has been held, and is applicable here, that there is nothing in the statute which

indicates a belief on the part of a person entering upon land not in his control that the land is his, is to be regarded as justification.

■ If he is forbidden to enter the improved or enclosed land by the person having lawful control of the premises in the manner prescribed by the statute, his entry without right constitutes the offence of trespass. No contention is made that a proper notice was not given nor that the land was not improved. In fact it sustained a dwelling house upon it. *Fitzgerald v. Lewis,* 164 Mass. 495.

■ Be that as it may, it is apparent that the actual arrest of the plaintiff was by a police officer who was acting as a public officer under a statute which authorized arrest and not as an agent of the defendants or any of them. The defendants were no more than complainants and as such were not liable for the arrest and detention by the police officer of the plaintiff.

"The general rule is that in the absence of statute, a private person or corporation is not responsible for the acts of a special police officer, (or police officer) appointed by public authority but employed and paid by the private person or corporation, when the acts complained of are performed in carrying out his duty as a public officer. But where he is acting in performance of the duties for which he is employed, or his movements are actively directed by his employer, in other words where he represents his employer and

not the public, such employer may become liable for his acts." *Zygmuntowicz v. American Steel & Wire Co.,* 240 Mass. 421 and cases there cited. In the case before us the police officer was acting as a public officer under a statute which authorized arrest and the defendants took no part in the arrest.

In *Mezullo v. Maletz,* 331 Mass. 233, 237 it was stated that "One who procures the arrest or confinement of another on lawful process is not liable to an action of false imprisonment, although he caused the process to issue by means of false statements." See cases there cited.

In *Mullen v. Brown,* 138 Mass. 114 it appears that "Plaintiff was arrested upon a lawful warrant, duly issued by a magistrate upon the complaint of the defendant. For such arrest, and the imprisonment following it, the defendant is not liable in an action for assault and false imprisonment although his object in making the complaint was to enforce the payment of a debt or to extort money. The plaintiff's remedy, if any, is by an action for malicious prosecution." See also *Cupal v. Ward,* 106 Mass. 289. *Morrow v. Wheeler & Wilson Manuf. Co.,* 165 Mass. 349. *Zinkfein v. W. T. Grant Co.,* 236 Mass. 228. *Pilos v. First National Stores Inc.,* 319 Mass. 475.

It is appropriate to observe that the conviction of the plaintiff in the District Court on the complaint which followed his arrest conclusively established the fact that

his prosecution was instituted with probable cause and precluded an action for malicious prosecution. *Murrow v. Wheeler & Wilson Manuf. Co.,* 165 Mass. 349. *Zinkfein v. W. T. Grant Co.,* 236 Mass. 228. *Carere v. F. W. Woolworth Co.,* 259 Mass. 238. *Fogg v. First National Bank of Boston,* 268 Mass. 25. *MacLean v. Naumkeag Trust Co.,* 268 Mass. 437, 439 (a *nollo prosequi* held not to be an acquittal). *Pilos v. First National Stores Inc.,* 319 Mass. 475. *Broussard v. Great Atlantic & Pacific Tea Co.,* 324 Mass. 323.

As we perceive no error prejudicial to the plaintiff, an order should be entered dismissing the report.

Joseph Freitas of New Bedford, for the Plaintiff.
Edmund Dinis of New Bedford, for the Defendants.