Belknap
No. 7544

THE STATE OF NEW HAMPSHIRE

v.

JOHN DOMINIC

July 11, 1977

*David H. Souter*, attorney general, waived brief and oral argument for the state.

*Decker & Hemeon*, of Laconia (*Mr. Robert L. Hemeon* orally), for the defendant.

*Wescott, Millham & Dyer* of Laconia (*Mr. Peter V. Millham* orally), for the prosecution.

LAMPRON, J.   Defendant was found guilty in the Laconia District Court (*Snierson*, J.) of disorderly conduct for his failure to comply with the lawful order of a police officer to move from a public place in violation of RSA 644:2 I. Defendant appealed his conviction to the superior court. The Superior Court (*Batchelder*, J.) reserved and transferred to this court the question "whether or not based upon the record and the facts as found in the decision of the District Court the Defendant could be found guilty of the offense."

According to the decree of the district court, the facts are as follows. The incident occurred in the course of a meeting of the selectmen for the town of Belmont at the town hall. Defendant was one of the three selectmen. The complainant in this case, Romeo Clairmont, was chairman of the board of selectmen. The third selectman was Louis Wuelper. Also present at the meeting were two highway department employees and two members of the general public. After Mr. Wuelper had been discussing an issue before the board at some length, defendant attempted to interrupt him. When Mr. Wuelper asked for a ruling as to whether he could continue to speak he was told by Chairman Clairmont to "go ahead." Defendant continued to interrupt, although Clairmont announced that he was chairman of the meeting and that Mr. Wuelper had the floor. Defendant interrupted to request a ruling to limit a speaker's time. At that point a shouting argument developed between Chairman Clairmont and defendant, during which Clairmont told defendant he would be ordered out of the meeting room if he did not quiet down and come to order. Clairmont then left the room and returned with Police Officer Bennett who asked defendant to "step out [of the room] for a minute, please." Defendant refused. Although Officer Bennett explained to defendant that he had been ordered by the chairman to leave, defendant answered that he had no intention of leaving unless he was arrested. At that point the meeting was recessed for approximately one-and-

one-half hours. Defendant was not present when the meeting reconvened.

The initial complaint, signed by Mr. Clairmont, charged that defendant "did with a purpose to cause public inconvenience, annoyance or alarm, engage in tumultous [sic] behavior" and that he refused to desist therefrom after being so ordered by the chairman. The district court found that defendant neither purposely nor recklessly created a risk of public inconvenience, annoyance, or alarm. In its decree the court further stated, "[h]owever abrasive and obtrusive he was, he was acting as a duly elected member of the Belmont Board of Selectmen and his remarks although clearly offensive both to Mr. Wuelper and to the chairman could be found to be consistent with the performance of his duties as a Selectman as he saw it." The court therefore found no basis for a conviction under any of the provisions of paragraph II of RSA 644:2. *See State v. Oliveira*, 115 N.H. 559, 347 A.2d 165 (1975).

By amendment to the complaint, defendant was also charged with refusal "to comply with the lawful order of James Bennett, a police officer, to move from a public place, to wit: the Belmont Selectmen's Office in the Belmont Town Hall. . . ." in violation of RSA 644:2 I. Defendant was found guilty under this provision. The court found that "the disorder at the Selectmen's meeting . . . became so great that the Board ceased to be a deliberative body and could not at that time perform its proper function of a consideration of the affairs of the Town." The court considered the chairman's action in ordering defendant out of the room to be within his authority as chairman, seeking to conduct an orderly meeting. *See* P. Mason, Manual of Legislative Procedure § 120 (1970). The court further found that "[w]hen the defendant refused to leave and continued to deny the authority of the Chairman, the latter was left no reasonable alternative than to seek police assistance in the removal."

■ As Officer Bennett was acting under the direction of Chairman Clairmont at the time, the issue before us is whether Chairman Clairmont could lawfully order defendant's removal from the selectmen's meeting. As presiding officer of the board of selectmen, Chairman Clairmont had the responsibility of conducting the meeting in an orderly manner. 4 E. McQuillin, Municipal Corporations § 13.21 (3d ed. 1968). When defendant continued to interrupt Mr. Wuelper, who had the floor according to the chairman's ruling, and when defendant continued to argue with the chairman

and refused to come to order, the chairman had the authority to order him from the room. *See Attorney-General v. Remick,* 73 N.H. 25, 29, 58 A. 871, 873 (1904); *Arrington v. Moore,* 31 Md. App. 448, 460–61, 358 A.2d 909, 916 (1976); *Doggett v. Hooper,* 306 Mass. 129, 27 N.E.2d 737 (1940). When defendant refused to leave, the chairman could properly ask for the assistance of Officer Bennett in removing him. *See Arrington v. Moore supra.* Officer Bennett's order to defendant to step outside was therefore a lawful order, and on the basis of these facts defendant could properly be found guilty of disorderly conduct in violation of RSA 644:2 I.

■ The actions of the chairman and of Officer Bennett in ordering defendant's removal from the meeting did not violate his right to freedom .of speech under the United States and New Hampshire Constitutions. The district court found that defendant, by his conduct, had prevented the selectmen from continuing their meeting. The chairman was acting to maintain order, as was his duty, and to protect the rights of others to speak in an orderly manner as well as those of the defendant. Such reasonable regulation of the manner in which one may speak does not violate any right to freedom of expression. *State v. Albers,* 113 N.H. 132, 139, 303 A.2d 197, 202 (1973); *State v. Derrickson,* 97 N.H. 91, 93, 81 A.2d 312, 313 (1951); *Grayned v. City of Rockford,* 408 U.S. 104, 116 (1972); *Cox v. Louisiana,* 379 U.S. 536, 554 (1965).

We hold that the answer to the transferred question is "Yes." Based upon the record and the facts as found in the decision of the district court, the defendant could be found guilty of the offense charged. RSA 644:2 I.

*Remanded.*

All concurred.