NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1507

DANIEL E. SULLIVAN, THIRD

vs.

KEVIN MORRIS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Daniel E. Sullivan, III, initially filed a complaint in 2014 against the defendants, various members or former members of the Marshfield Police Department (MPD), and later amended the complaint, asserting claims for false arrest and false imprisonment, malicious prosecution, and violations of 42 U.S.C. § 1983.[2]  A Superior Court judge granted the

---

[1] Todd Goodwin, Kimberly Jones, Brian Gentry, Paul Catanoso, and Michael MacKinnon, individually and in their official capacities as employees of the Marshfield Police Department.

[2] Initially, the plaintiff also brought claims for violations of the State civil rights act, G. L. c. 12, §§ 11, 12, abuse of process, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Most of those claims were dismissed on December 1, 2016, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  The plaintiff does not challenge the dismissal of those

defendants' motion for summary judgment, and the plaintiff appeals.  We affirm.

Background.[3]  We summarize the relevant facts, viewing "the evidence in the light most favorable to the party against whom summary judgment was entered" (citation omitted).  Williams v. Board of Appeals of Norwell, 490 Mass. 684, 685 (2022).

After meeting online, the plaintiff dated "Linda"[4] for most of 2010.  On December 11, 2010, Linda sought and obtained an abuse prevention order (APO) against the plaintiff because she believed he was stalking her.

In February 2011, Linda reported to the MPD that she had discovered a box of chocolates and an unsigned Valentine's card in her mailbox.  She believed the plaintiff had left them, because he had given her the same chocolate and card the previous Valentine's Day.

In March 2011, Linda's neighbor, who knew about the APO, called the MPD because she believed she saw the plaintiff drive by Linda's house.  In April 2011, Linda reported that she had

claims on appeal.  He filed his amended complaint on June 15, 2020.

[3] We recognize the complex procedural history of this matter stemming from the myriad actions and filings in the District and Superior Courts.  We need not and do not, however, repeat it herein.

[4] Pseudonym.

received another gift, this time a birdwatching book, with an unsigned typed letter in her mailbox. The letter encouraged Linda to "spread [her] wings, open [her] heart and say hello again," suggesting it would "beat[] dating your computer and endless texting," and referenced details from her dating profile.

On April 10, 2011, Linda went to the MPD station to report that she had seen the plaintiff drive by her home. Thereafter, MPD Officer Brian Gentry applied for a criminal complaint and a warrant to arrest the plaintiff on two criminal charges: (1) violating the APO and (2) criminal harassment. A clerk magistrate found probable cause to issue the complaint and the arrest warrant.

At the end of 2011, the plaintiff was tried before a jury on the April 2011 charges of criminal harassment and violation of the APO. The jury acquitted the plaintiff of the violation of the APO but found him guilty of criminal harassment. On appeal, a panel of this court vacated the conviction and remanded the case to the trial court for a new trial because the trial record had been lost and could not be reconstructed. In 2018, the Commonwealth retried the plaintiff on the criminal harassment charge. The jury acquitted the plaintiff.

In 2014, the plaintiff filed the initial complaint while his criminal appeal was pending. The defendants filed a motion

3

to dismiss, which was allowed in part and denied in part.  In 2018, the defendants filed a motion to stay the proceedings pending the outcome of the underlying criminal matter, which was allowed.  In 2020, after the plaintiff was acquitted on retrial, he filed an amended complaint, which alleged false arrest, false imprisonment, malicious prosecution, and violations of 42 U.S.C. § 1983.  In 2022, the defendants filed a motion for summary judgment, and the judge allowed it.  The plaintiff appealed.

Discussion.  "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted).  Dorchester Mut. Ins. Co. v. Miville, 491 Mass. 489, 492 (2023).  "We review decisions allowing summary judgment de novo" (citation omitted).  Id.

1.  Malicious prosecution, false arrest, and false imprisonment.  To establish claims of malicious prosecution, false arrest, and false imprisonment, the plaintiff must establish lack of probable cause to arrest him.  See Gutierrez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 405 (2002) (false arrest and malicious prosecution); Doggett v. Hooper, 306 Mass. 129, 133 (1940) (false imprisonment).

"Probable cause has been defined as reasonably trustworthy information . . . sufficient to warrant a prudent man in

4

believing that the defendant had committed or was committing an offense" (quotations and citation omitted).  Commonwealth v. Barbosa, 477 Mass. 658, 675 (2017).  "We examine the information known to [the defendants] at the time [they] instituted the [criminal] complaint" (quotations and citation omitted).  Chervin v. Travelers Ins. Co., 448 Mass. 95, 104 (2006).  The question is "whether it was reasonable for the defendant[s] to have relied upon that information, given its quality, quantity, and the availability of additional information."  Carroll v. Gillespie, 14 Mass. App. Ct. 12, 19-20 (1982).

It is undisputed that Linda made several reports to the MPD that the plaintiff was stalking her, leaving gifts for her, and violating the terms of the APO.  In addition, a neighbor reported seeing the plaintiff near Linda's home.  These reports, collectively, established probable cause to believe that the plaintiff had committed the charged crimes.  The defendants were permitted to take these reports at face value in preparing an application for a criminal complaint and arrest warrant.  See, e.g., Commonwealth v. Hanright, 466 Mass. 303, 311 (2013) ("Probable cause . . . is a decidedly low standard"); Paquette v. Commonwealth, 440 Mass. 121, 134 (2003) ("Statements of victims to police are sufficiently reliable for the purpose of establishing probable cause to arrest").  Because a neutral clerk-magistrate determined that these undisputed facts

established probable cause to charge the plaintiff, the allowance of summary judgment on his claims of malicious prosecution, false arrest, and false imprisonment was proper. See Tedeschi-Freij v. Percy Law Group, P.C., 99 Mass. App. Ct. 772, 775 (2021) ("a nonmoving party's failure to establish an essential element of [his] claim renders all other facts immaterial and mandates summary judgment in favor of the moving party" [quotation and citation omitted]).

2. 42 U.S.C. § 1983. To prove a § 1983 claim, the plaintiff had to establish that the defendants deprived him of a Federal constitutional or statutory right while acting under color of State law. See Gutierrez, 437 Mass. at 401. The plaintiff has failed to demonstrate that the defendants deprived him of a Federal constitutional or statutory right.

"[W]e recognize that arrests made absent probable cause may warrant relief under § 1983" because they would violate the Fourth Amendment to the United States Constitution. Sena v. Commonwealth, 417 Mass. 250, 259 (1994). As explained above, however, the facts known to the defendants established probable cause to support a criminal complaint and arrest warrant.

The plaintiff also argues that the Commonwealth withheld certain exculpatory evidence, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution. See Brady v. Maryland, 373 U.S. 83, 87 (1963).

6

To establish a Brady violation, "a defendant must establish (1) that the evidence [was] in the possession, custody, or control of the prosecutor or a person subject to the prosecutor's control, (2) that the evidence is exculpatory, and (3) prejudice" (quotations and citation omitted). Commonwealth v. Caldwell, 487 Mass 370, 375 (2021). The plaintiff argues that the delayed disclosure of his cell phone records, the lack of fingerprints on the gifts left at Linda's house, and evidence undermining a single report that the plaintiff had driven by Linda's house -- specifically, a police report suggesting that the car was registered to someone else -- established a Brady violation.

This claim fails for at least two reasons. First, the plaintiff failed to establish prejudice. The cell phone records did not contain evidence of the plaintiff's location at any relevant time. Second, the lack of fingerprints on gifts left at Linda's home and a discrepancy about a vehicle registration in a single sighting of the plaintiff near Linda's home had slight exculpatory value at best but would not have been "a real factor in the jury's deliberations," where Linda had linked the plaintiff to the gifts and had repeatedly seen him near her home. See Commonwealth v. Tucceri, 412 Mass. 401, 413 (1992).

Second, the summary judgment record contains no evidence demonstrating that the defendants withheld this evidence from

the prosecutor prior to the 2011 trial.  Accordingly, there is no evidence that the defendants violated their constitutional disclosure obligations under Brady.  See Caldwell, 487 Mass at 375; Gutierrez, 437 Mass. at 401; Tedeschi-Freij, 99 Mass. App. Ct. at 775.  Therefore, the judge did not err in allowing the defendants' motion for summary judgment.

Judgment affirmed.

By the Court (Neyman, Shin & Wood, JJ.[5]),

Clerk

Entered:  April 23, 2025.

---

[5] The panelists are listed in order of seniority.